339 P.2d 389

Florence D. LITZKUHN, Appellant,

v.

Russell A. CLARK and Anne Louise Clark, his wife, Appellees.

No. 6297.

Supreme Court of Arizona.

May 14, 1959.

356

Charles Christakis, Phoenix, for appellant.

Charlie W. Clark, Jack C. Cavness, Phoenix, for appellees.

UDALL, Justice.

Plaintiff, Florence D. Litzkuhn, appeals from a judgment in favor of defendants-appellees, Russell A. Clark, et ux., based upon an adverse jury's verdict in a dog bite case. We shall hereafter refer to the parties as they appeared in the lower court.

Plaintiff's action was brought under what is commonly called the "Dog Bite Statute", Ch. 42, L. '52 (now appearing as A.R.S. sections 24–521 to 24–523, incl.). The pertinent sections read:

"Section 1. *Liability for damages.* The owner of any dog which shall bite

any person while such person is in or on a public place or lawfully in or on a private place including the property of the owner of such dog, shall be liable for such damages as may be suffered by the person bitten, regardless of the former viciousness of such dog or the owner's knowledge of such viciousness.

\*   \*   \*   \*   \*   \*

"Sec. 3. *Provocation.* Proof of provocation of the attack by the injured person shall be a complete defense to such action."

The first amended complaint upon which the case was tried, alleges inter alia:

"That on the 21st day of October, 1954, at approximately 10:00 o'clock A.M., a chow dog owned and kept by the defendant leaped and jumped upon the plaintiff, knocking her down to the sidewalk, biting and scratching her on and about her hands, legs and body without provocation.

"That due to said defendants' dog attack, the plaintiff sustained and suffered painful injuries, both external and internal, and was put in a state of shock."

Defendants' answer asserts that the injuries and damages suffered by plaintiff were directly and proximately caused or contributed to by (a) the negligence of plaintiff, and (b) by plaintiff's provocation of the attack by the dog. At the conclusion of the evidence the following trial amendment to the answer was permitted, viz.:

"At the time and place mentioned in paragraph III of plaintiff's first amended complaint, plaintiff voluntarily exposed herself to a danger which she knew, or in the exercise of ordinary care should have known, would cause her injury, and that such voluntary assumption of such risk is the proximate cause of the damages suffered by the plaintiff, if any she has suffered."

The case was tried to the court, sitting with a jury, at the conclusion of which ten members of the jury rendered a verdict, finding "for the Defendants and against the Plaintiff", upon which a judgment was entered. Thereafter, motion for judgment n. o. v., and a motion for a new trial, were filed, orally argued and denied. This appeal is from the orders denying said motions and from the judgment.

There is but little conflict in the evidence. The pertinent facts are these: The plaintiff, a 73-year-old widow, resided alone at 914 West Turney Avenue in Phoenix. She is hard of hearing and speaks broken English with a heavy German accent. Plaintiff was the owner of a small spitz dog called "Billie", to which she evidently was deeply attached. This dog was normally kept in her house or yard; however, on the morning of October 21, 1954, it somehow got outside where she observed it with another

dog across the street and she went over there to bring it back home. She was holding one of its front paws and a 5-year-old neighbor girl (Linda May Klotz) had the other paw; they were walking it—"as you would a child"—across the street when suddenly a large red chow dog, known as "Choly", belonging to defendants, jumped over the yard fence and came lunging toward her. To protect her small dog, who was no match for "Choly"—they had had at least one previous encounter—she picked "Billie" up and held him on her shoulder. The charging dog, in its efforts to get at the spitz, knocked the plaintiff down. She held onto her dog and got partially up when she was again knocked to the pavement and remained prone thereafter. During the occurrence plaintiff testified she was bit on on the hand by "Choly"; hurt her elbow which was bleeding; and in one of these falls she struck her left knee on the pavement. An ambulance was called and she was taken to the hospital. Dr. Stump, the attending physician, testified he saw teeth marks on her left hand (though the skin was not broken), as well as other bruises. X-Rays disclosed a comminuted fracture of the left kneecap which was so serious that the patella was subsequently removed by surgical operation. Considerable suffering resulted and a heavy expense was incurred by plaintiff as a result thereof.

The only evidence which in any way conflicts with the above recital is the testimony of a city policeman, called by Defendant, who talked with plaintiff at the hospital at the time X-Rays were being taken. He quoted plaintiff as saying: "A dog attacked her dog and when she went over to attempt to break it up, she was knocked to the ground and hurt her knee." Plaintiff denied having given any such version to the officer.

Counsel for defendants in his brief in effect admits there was no real conflict as to these matters. We quote:

"In the instant case the facts that the chow dog jumped the fence and approached the spitz dog in a threatening manner, that Appellant in disregard of her own safety picked up her dog and in effect invited the chow dog to jump up in an effort to engage in combat with the spitz, as well as the manner in which Appellant and Linda May Klotz were conducting the dog across the street are undisputed * * *. Appellees had no witness available to them who saw the incident."

While plaintiff has made numerous assignments of error, the crucial ones have to do with the trial court's outright refusal to allow the 5-year-old girl to take the witness stand without a preliminary voir dire examination as to her competency or incompetency to testify; permitting defendant to make the trial amendment to their answer setting up the assumption of

risk doctrine; plus the error in giving certain instructions submitted by defendants, coupled with the refusal to give other relevant instructions requested by plaintiff. These matters will be treated in such order as seems best.

■■■■ Plaintiff first assigns as error the refusal of the court to allow Linda May Klotz, the only eyewitness to the incident in question, to testify as to what occurred. While the reporter's transcript is silent as to the steps taken in the matter, the parties have stipulated:

"That the attorney for the plaintiff, called Linda Mae Klotz to testify, and stated to the Court that this witness was an eyewitness and that she was five (5) years of age at the time the plaintiff was injured and was six (6) years of age when called to testify as a witness.

"That the Court did not permit Linda Mae Klotz to testify because the Court felt that a child of five (5) years is too young to be a witness and the Court did not see or examine the prospective witness, Linda Mae Klotz."

Our statute, A.R.S., § 12–2202, provides that:

"The following [persons] shall not be witnesses in a civil action:

\* \* \* \* \* \*

"2. Children under ten years of age who appear incapable of receiving just impressions of the facts respecting which they are to testify, or of relating them truly."

We have no doubt it was prejudicial error for the court to rule that this child was not competent to testify without first having examined her on voir dire to determine whether in fact she was incompetent. The statute just quoted makes it clear that in order for a child under ten years of age to be a competent witness, he or she must be capable *of receiving just impressions of the facts and relating them truly*. In other words, their competency to testify is to be determined, not by their age, but by the degree of their understanding and knowledge. It follows that the child's youthfulness was not, per se, sufficient to exclude her from the witness stand, · as there is no arbitrary age limit under which the testimony of a child is automatically rejected. Furthermore the competency of a child to testify relates to the time when he (or she) is produced as a witness, and so a child may be competent to testify to occurrences which he remembers, although they happened at a time when he was too immature to testify. Bradburn v. Peacock, 135 Cal.App.2d 161, 286 P.2d 972. For another excellent opinion wherein the whole problem of the competency of children to testify, and the preliminary steps that must necessarily be taken by the trial court to determine their

capability, see, People v. Delaney, 52 Cal. App. 765, 199 P. 896. However, both of these decisions make it clear that it is the duty of the trial judge who has permitted a child to be sworn as a witness, at any time to change his mind upon due occasion therefor, to remove the child from the stand and to instruct the jury to disregard his testimony.

■ We hold it was an abuse of discretion for the trial court to have summarily refused to permit this witness to testify. We do not agree with defendants this was harmless error, or that plaintiff's counsel must first have made an avowal as to what he expected to prove by her. It is well settled that no offer of proof is required where evidence is excluded, the relevancy and materiality of which is apparent. Carroll v. Beavers, 126 Cal.App.2d 828, 273 P.2d 56, 59 A.L.R.2d 263.

■■ In view of the fact that the judgment must be reversed, we deem it advisable to comment on the instructions, etc., so as to aid the trial court on retrial. This being a statutory action, with provocation as the only statutory defense, it was error on this record for the trial court to have permitted defendants to amend their answer at the close of the trial and inject the issue of assumption of risk into the case and to have instructed the jury on such issue. Counsel now representing the defendants conceded this at the oral argument. Fur-

thermore, under the statute the gentleness or viciousness of "Choly" was not an issue and evidence bearing upon this matter should have been excluded.

■ While the trial court properly denied a defense motion for an instructed verdict upon the opening statement of counsel for plaintiff—wherein the evidence as heretofore set forth was summarized—the erroneous viewpoint of counsel is made crystal clear, viz.:

> " * * * when the plaintiff saw the dog coming that she picked up her dog and put it on her shoulder, for the reason that such is *a provocation of an attack and is contributory negligence per se.*" (Emphasis supplied.)

This fallacy permeated the entire trial and was discernible in the court's instructions to the jury.

In effect defendants are contending that plaintiff, who was bitten by a dog—the ownership of which was admitted—in a public street where she had a lawful right to be, could not defend her property, i. e., the spitz dog. While discretion may have been the better part of valor, and good judgment might have dictated that plaintiff "toss her pet" to the onrushing "Choly" and thereby possibly save herself from bodily injury, still as a matter of law she was not required to do so.

The defense prescribed to this statutory action is: "Proof of provocation of the at-

tack by the injured person * * *." That is to say, if the injured person brings the injury upon himself, is the cause of his own misfortune, this is a complete defense and plaintiff would not be entitled to recover.

The judgment of the lower court is reversed with directions to grant a new trial to be governed by the principles herein enunciated.

Reversed with directions.

PHELPS, C. J., and STRUCKMEYER, JOHNSON and BERNSTEIN, JJ., concur.