380 P.2d 608

Randle DAVIS, Personal Representative of Pamela Sue Davis, Patricia Gail Davis, and Jackie Wayne Davis, Deceased, Appellant,

v.

Buck WEBER, dba Weber Drilling Company, and Alfred Wallace Bauer, Appellees.

No. 7056.

Supreme Court of Arizona.

En Banc.

April 10, 1963.

Rehearing Denied May 7, 1963.

**314**

Hash & Bernstein, Phoenix, for appellant.

Snell & Wilmer, Phoenix, for appellees.

STRUCKMEYER, Justice.

Appellant herein, Randle Davis, commenced an action in the court below to recover damages for the wrongful death of Jackie Wayne Davis, his minor son, and for the personal injuries sustained by Pamela Sue Davis and Patricia Gail Davis, his minor daughters. From the granting of a motion for a directed verdict at the close of plaintiff's evidence, this appeal has been perfected.

The record discloses that on the 5th of December, 1957, at approximately 11:30 A.M. plaintiff's wife, Hazel Davis, was driving a 1957 Chevrolet on Peoria Avenue, a public highway in Maricopa County, Arizona. Riding with their mother were the three children, Pamela Sue Davis, age three, Jackie Wayne Davis, age four and Patricia Gail Davis, age five. At the intersection of Fifty-ninth Avenue, also a public highway, the Davis vehicle collided with a truck and trailer owned by defendant, Buck Weber, a well driller, driven by defendant, Alfred Wallace Bauer. As a result of the accident Mrs. Davis and the child Jackie Wayne were killed and the two other children suffered injuries. Defendants' motion for a directed verdict was on the grounds that there was no evidence of negligence on their part proximately causing or contributing to the accident and the resulting injuries. This appeal tests the correctness of the ruling on defendants' motion.

Certain rules of law are applicable here with which neither party quarrels. A defendant's motion for a directed verdict admits the truth of whatever evidence the opposing party has introduced and any inferences reasonably drawn therefrom. Joseph v. Tibsherany, 88 Ariz. 205, 354 P.2d 254. On such a motion the evidence must be treated and viewed in a light most favorable to the party against whom the motion is sought. Mutz v. Lucero, 90 Ariz. 38, 365 P.2d 49. The motion should be granted only where the evidence is not sufficient to support a contrary verdict or so weak that a court would feel constrained to set aside such a verdict on a motion

for new trial. Costello v. Wood, 89 Ariz. 270, 361 P.2d 10; Casey v. Beaudry Motor Company, 83 Ariz. 6, 315 P.2d 662. Bearing these rules in mind we believe that the facts and reasonable inferences to be drawn point only to one conclusion: that the trial court did not err in granting defendants' motion.

The Weber vehicle at the time of the accident was traveling south on Fifty-ninth Avenue. The collision occurred within the intersection of the two highways. Both Avenues were approximately 40 feet wide, the centers of which had 21 feet of asphalt topping. Fifty-ninth Avenue was a through boulevard controlled by boulevard stop signs. The approach to Fifty-ninth Avenue from the west on Peoria Avenue had two signs, a stop sign at the southwest corner of the intersection and a "Stop Ahead" warning sign 222 feet west of the stop sign. The stop sign itself was placed some 30 feet west of the intersection lines of the junction of the paved portion of the highways.

Defendants' vehicle consisted of a 1954 GMC Truck pulling a flatbed trailer, the whole unit being of a length of 50 feet and weighing about 6,000 pounds. The truck had passed through the intersection when the collision occurred. The point of impact was 3 feet east of the paved portion of the west line of Fifty-ninth Avenue and 11 feet south of the paved portion of the north line of Peoria Avenue. 38 feet of skid marks were laid down by the Davis vehicle beginning west of the intersection back of the stop sign and extending to the point of impact.

The front end of the Davis car was caught between the truck and trailer at the drawbar and the entire vehicle carried 140 feet south along Fifty-ninth Avenue before being dislodged. No attempt was made to establish that defendant was exceeding the speed limit and no assertion is now made that there is an inference of excessive speed. The northwest corner of Peoria Avenue and Fifty-ninth Avenue contained a high stand of cotton which at least in part obstructed the vision of the drivers of both vehicles. At the time of the trial two years after the accident Bauer testified without contradiction that he was keeping a normal lookout for passing cars but could not remember sceing the plaintiff's vehicle prior to the impact.

As example:

"Q.  Now you never saw that car that you struck did you?

"A.  I can't be sure, I can't be sure whether I saw it or not."

Plaintiff offered the testimony of Patricia Gail Davis, his daughter, as an eyewitness to what happened. At the time of the accident she was five years old and at the time of the trial seven. The court in the absence of the jury examined Patricia Gail as a proposed witness in this manner:

**316**

"* * * Q. What did your mother do when she came to that street?

"A. She stopped.

* * * * * *

"Q. Now, after the car stopped, what happened?

"A. Jackie fell down on the floor board.

* * * * * *

"Q. Is that your brother's name?

"A. Yes sir.

* * * * * *

"Q. Do you know what made him fall?

"A. No sir.

"Q. Had you?

"A. No.

* * * * * *

"Q. What happened when your brother fell to the floor?

"A. Mother reached down to pick him up.

"Q. All right. When she reached down to pick him up, where were you at that time, where was the car, was it moving or stopped?

"A. Stopped.

"Q. It was stopped. After your mother picked up your brother, then what happened?

"A. The truck hit her.

* * * * * *

"Q. Did you see the truck coming?

"A. Yes sir.

* * * * * *

"Q. Do you know what happened after that?

"A. No sir."

While the court thereafter permitted Patricia Gail to testify as a witness in the case, the case, the foregoing is the most lucid account of her version of the accident.

Plaintiff urges that his daughter's testimony established that the Chevrolet was stopped and was struck by the leading edge of defendants' trailer. Accordingly, he argues from the failure of the driver to swerve his vehicle so as to avoid the Chevrolet negligence can be inferred that Bauer was not keeping a proper lookout. No claim is made that the Davis vehicle was struck by the truck itself.

██ It is the settled law in this state that the trial court must examine children under ten years of age to determine whether they are capable of receiving just impressions and relating them truly. A.R.S. § 12–2202. The trial judge's ruling on the introduction of a child's testimony will not be disturbed except in the case of a clear abuse of discretion. Keefe v. State, 50 Ariz. 293, 72 P.2d 425.

Since the only testimony in the case, that the Davis vehicle was at rest when struck by the Weber vehicle, is from the lips of Patricia Gail, the crux of this appeal lies in the question whether the trial court in passing on the motion for directed verdict had the power to reject the testimony of the child after initially permitting its admission into evidence. The answer to this question is to be found in Litzkuhn v. Clark, 85·Ariz. 355, 339 P.2d 389 where in discussing and approving two decisions from the State of California, we said:

"However, both of these decisions make it clear that it is the duty of the trial judge who has permitted a child to be sworn as a witness, at any time to change his mind upon due occasion therefor, to remove the child from the stand and to instruct the jury to disregard his testimony." 85 Ariz. at 360, 339 P.2d at 392.

The record does not disclose whether the trial judge in considering the evidence on the motion for instructed verdict changed his mind and disregarded the child's testimony, (it does not appear that her testimony was stricken), but we must conclude that such was the case. Plainly, if it is the duty of the trial judge to change his mind upon due occasion therefor and instruct the jury to disregard a child's testimony, he has the duty on like circumstances to disregard her testimony when, on a motion for directed verdict he is called to pass upon the sufficiency of the evidence.

The right of the trial judge to change his mind can hardly be denied. Since the statute places the initial responsibility exclusively upon him without any guide or criteria to decide whether a child under the age of ten years is capable of receiving just impressions and relating them truly, the same wide discretion must be permitted if he thereafter changes his mind. An appellate court whose members neither heard nor saw the child nor were impregnated with the atmosphere of the trial should not supersede the trial judge's responsibility except under the most unusual circumstances. Necessarily, the trial court's discretion is practically unlimited. Certainly, we would be most reluctant to declare an abuse of discretion without knowing the exact criteria which influenced the change of mind. A judgment predicated on a directed verdict must be affirmed on appeal if the result is the only one that could be legally reached. Horan v. Richfield Oil Corp., 56 Ariz. 64, 105 P.2d 514. Here the verdict, if correct, should be affirmed although perhaps technically the trial judge should have ordered the testimony of the child stricken prior to ruling on the motion for a directed verdict.

Appellant argues that there is an inference of negligence arising out of

**318**

the testimony of the driver, Bauer, from the fact that he was not sure whether he saw the Chevrolet prior to the accident. It is the settled law of this jurisdiction that the driver of a vehicle on a favored highway is not necessarily free from negligence in colliding with a vehicle entering from an intersecting street. The fact that the driver on the favored highway has the right-of-way does not relieve him from keeping a proper lookout and yielding the right-of-way, where he can, to another motorist when the favored driver discovers that the other is not going to yield. Henderson v. Breesman, 77 Ariz. 256, 269 P.2d 1059; Nichols v. City of Phoenix, 68 Ariz. 124, 202 P.2d 201.

Even assuming that Bauer had an unobstructed vision to his right along Peoria Avenue, which he did not have, and assuming that he did not see the Davis vehicle, still there is no evidence whatsoever upon which to predicate an assumption that Bauer could have anticipated or foreseen that the Chevrolet would not or could not stop. A driver of a motor vehicle is not under a duty to anticipate, in the absence of evidence, that other drivers will cross negligently in violation of the boulevard law. Moffitt v. Dean, 84 Ga.App. 109, 65 S.E.2d 637; Harper v. Higgs, 225 Md. 24, 169 A.2d 661; Loving v. Whitton, 241 N.C. 273, 84 S.E.2d 919.

The judgment of the court below is affirmed.

BERNSTEIN, C. J., UDALL, V. C. J., and JENNINGS and LOCKWOOD, JJ., concur.