425 P.2d 112

**STATE of Arizona, Appellee,**

v.

**James BROWN, Appellant.**

**No. 1729.**

Supreme Court of Arizona.

In Banc.

March 15, 1967.

Darrell F. Smith, Atty. Gen., and David S. Ellsworth, County Atty., Yuma County, for appellee.

Darryl A. Adams, Phoenix, for appellant.

UDALL, Justice:

Appellant, James Brown, hereinafter referred to as defendant, was tried and convicted in the Superior Court of Yuma County for the crime of robbery. From the verdict, judgment and sentence defendant has brought this appeal.

The facts connected with the alleged commission of the crime, that are material to the case, are as follows: An accomplice to the crime, one Dennis West, was a witness against the defendant. Prior to the date of the trial, this witness had been committed to the Arizona State Hospital for a mental examination. The examination of the witness had not been completed at the time that he testified.

It appears that witness West, by order of the Superior Court, was committed to the State Hospital in Phoenix on June 10, 1966. He was returned to Yuma County and testified at the trial on June 17th as a witness for the prosecution. After the trial he was returned to the State Hospital where he remained until July 27, 1966.

There was testmiony that the witness had been treated by other psychiatrists prior to the time he was brought to trial as an accomplice of defendant in this case. Witness West pled guilty to the crime of robbery and, at the beginning of the trial of defendant in this cause, he was examined by the court on voir dire in the absence of the jury, to determine if he was qualified to testify in accordance with the provisions of A.R.S. § 12–2202, subsec. 1.

At the conclusion of the hearing the court stated:

"Gentlemen, the Court at this time sees no evidence of mental unsoundness such as would exclude this man from the witness stand. * * * no

"The Court will find the witness is qualified to testify."

Thereupon the jury was called and the court proceeded with the trial.

There is one basic question presented to us for review: Was the witness West properly found to be mentally competent to give testimony in this cause, in view of the fact that at that time he had been committed to the mental hospital for observation and examination?

Defendant contends the lower court erred in allowing West to testify at the trial since the order committing him to a mental institution was sufficient proof to overcome the presumption of his sanity; therefore, the court should have required the prosecution to present evidence of his mental competency to testify before allowing him to do so.

A.R.S. Section 13–1801 reads:

"The laws for determining competency of witnesses in civil actions are also ap-

"plicable to criminal actions and proceedings * *. *."

A.R.S. Section 12–2202, subsec. 1 states: "The following shall not be witnesses in a civil action:

"1. Persons who are of unsound mind at the time they are called to testify."

■ This is a matter of first impression in this state, although this Court has twice interpreted A.R.S. § 12–2202, subsec. 1 in reference to minor children testifying. Davis v. Weber, 93 Ariz. 312, 380 P.2d 608; and Litzkuhn v. Clark, 85 Ariz. 355, 339 P.2d 389. In *Weber* we said:

"It is the settled law in this state that the trial court must examine children under ten years of age to determine whether they are capable of receiving just impressions and relating them truly. A.R.S. 12–2202. The trial judge's ruling on the introduction of a child's testimony will not be disturbed except in the case of a clear abuse of discretion. Keefe v. State, 50 Ariz. 293, 72 P.2d 425."

California Penal Code § 1321 and California Code of Civil Procedure § 1880(1) are identical to A.R.S. §§ 13–1801 and 12–2202, subsec. 1 respectively. The decisions interpreting these statutes in California are therefore very persuasive. Generally speaking, when an objection is made to the soundness of a witness's mind, the question of the competency of said witness is one to be determined by the trial judge.

In the case of People v. McCaughan, 49 Cal.2d 409, 317 P.2d 974, 981, the Supreme Court of California said:

"The question to be determined is whether the proposed witness's mental derangement or defect is such that he was deprived of the ability to perceive the event about which he is to testify or is deprived of the ability to recollect and communicate with reference thereto. (Citing cases) It bears emphasis that the witness's competency depends upon his ability to perceive, recollect, and communicate. (See Wigmore on Evidence, par. 478, page 519). Whether he did perceive accurately, does recollect, and is communicating accurately and truthfully are questions of credibility to be resolved by the trier of fact."

The California court, in People v. Ives, 17 Cal.2d 459, 110 P.2d 408, 417, noted:

"Unsoundness of mind does not per se establish the incompetency of a witness. It was for the trial court to determine whether Ives was able to perceive and could make known his perceptions to others. * * * One may be insane upon a certain subject but sane as to other matters. One may be unable to distinguish legally between right and wrong, and still be able to narrate facts chronologically, correctly, intelligently and truly. (Citing cases) On the motions for new trial the trial judge in this case had an opportunity of considering whether Ives understood and appreciated testimony given under oath; whether he had the mental power to recollect, and the ability to narrate; in other words, the trial judge had the opportunity to and did pass upon the truthfulness of the testimony given by Ives on the trial."

In People v. Horowitz, 70 Cal.App.2d 675, 161 P.2d 833, 845, the Supreme Court of California stated:

"There is no prescribed standard of mental competency to qualify one as a witness. It is well known that out of the mouths of babes oftentimes the truth is spoken. Since there is no standard, each instance is confided to the discretion of the trial judge.

\*     \*     \*     \*     \*     \*

"The fact that he [the witness] had once been committed for insanity is not conclusive at a later date. The determination of the qualification of a witness is 'almost wholly in the discretion of the trial judge.'"

■ Reviewing the facts in this case it is apparent that the trial court did not abuse its discretion in allowing witness West to testify. He had never been adjudged insane, but had only been committd to the

state hospital for examination and treatment. While it is true that previously he had nervous disorders and earlier had sought psychiatric aid in adjusting his life to society, there is absolutely no evidence that he was not capable of understanding the nature of an oath or of perceiving the incidents in question and properly relating them to the court.

Judgment affirmed.

BERNSTEIN, C. J., McFARLAND, V. C. J., and STRUCKMEYER and LOCKWOOD, JJ., concur.