**UNITED STATES of America**

v.

**Dwight W. SCHOEFIELD, Appellant.**

**No. 71–1859.**

United States Court of Appeals, District of Columbia Circuit.

May 10, 1972.

Rehearing Denied June 14, 1972.

Certiorari Denied Oct. 10, 1972. See 93 S.Ct. 210.

Mr. George Richardson (appointed by this court) was on the brief for appellant.

Messrs. Harold H. Titus, Jr., U. S. Atty., and John A. Terry, Edwin A. Williams and Robert D. Zsalman, Asst. U. S. Attys., were on the brief for appellee. Mr. Thomas A. Flannery, U. S. Atty. at the time the record was filed, also entered an appearance for appellee.

Before McGOWAN, LEVENTHAL and MacKINNON, Circuit Judges.

PER CURIAM:

This is an appeal from a judgment sentencing appellant to seven years' imprisonment under the Federal Youth Corrections Act following his conviction on charges of assault with intent to commit carnal knowledge and taking indecent liberties with a minor child.

The claim on appeal is error in permitting the jury to hear the testimony of the 12-year-old girl who was the victim, and her 13-year-old brother who returned home and found defendant in the bedroom. Appellant contends that under the common law—which was received into the District of Columbia for the governance of criminal trials [1]—there is a presumption against the testimonial capacity of children under 14, and that their testimony cannot be received unless the trial judge conducts a voir dire as to the capacity of the child witness before he begins his testimony. There was not such preliminary voir dire in this case.

■■ The matter is not governed by express statute, and decisions indicative of a common law rule of a presumption against capacity for children under a certain age [2] do not necessarily indicate a requirement of preliminary voir dire. More significantly, common law doctrines are not frozen for criminal cases [3] any more than civil cases,[4] and the courts charged with voicing the common law of the District of Columbia take account of the evolution of common law principles in the light of current perceptions and needs. If we were faced with need to consider a specific age rule, we should take into account not only how modern life apparently leads to earlier development of many children, but also how legislatures have responded to that consideration by creating a presumption that a child is competent as a witness at age 10.[5] The sound common law rule, however—and one set forth in decisions of the Supreme Court and this court—establishes that the common law does not retain absolute disqualification of young witnesses at any particular age.[6] Neither does sound common law

1. In Hill v. United States, 22 App.D.C. 395 (1903), the court referred to the Act of Congress of February 27, 1801, declaring the common law of crimes, as existing in Maryland at the time of the cession of the District, in force in the District, to be of continuing effect.

Recent decisions illustrating the incorporation of common law doctrine into criminal jurisprudence are the rulings that gross negligence resulting in homicide constitutes the crime of involuntary manslaughter, as at common law, under the D.C.Code provision punishing "manslaughter" without further definition. Thomas v. United States, 136 U.S.App. D.C. 222, 419 F.2d 1203 (1969) ; United States v. Dixon, 135 U.S.App.D.C. 401, 403–407, 419 F.2d 288, 290–294 (1969) (concurring opinion).

2. See Anno., Competency of young child as witness in civil case, 81 A.L.R.2d 386, 397–398.

3. Durham v. United States, 94 U.S.App. D.C. 228, 240, 214 F.2d 862, 874 (1954).

4. Afro-American Publishing Co. v. Jaffe, 125 U.S.App.D.C. 70, 74–75, 366 F.2d 649, 653–654 (1966).

5. See Anno., *supra* note 2, at § 9.

6. Wheeler v. United States, 159 U.S. 523, 16 S.Ct. 93, 40 L.Ed. 244 (1895) ; United States v. Hardin, 143 U.S.App.D.C. 320, 443 F.2d 735 (1971) (11-year-old held competent) ; Doran v. United States, 92 U.S.App.D.C. 305, 205 F.2d 717, cert. denied, 346 U.S. 828, 74 S.Ct. 49, 98 L.Ed. 352 (1953) ; Beausoliel v. United States, 71 App.D.C. 111, 107 F.2d 292 (1939) (6-year-old held competent).

doctrine fix any particular age as raising a presumption of lack of capacity, or requiring a preliminary voir dire.

The ultimate test of competence of a young child is whether he has the requisite intelligence and mental capacity to understand, recall and narrate his impressions of an occurrence.[7] The decision of the trial judge may not be upset on appeal unless clearly erroneous.[8] This applies not only to his ultimate decision on testimonial maturity but also to the examination he chooses to conduct to appraise capacity. Of course, with children of tender years, a trial judge properly conducts a preliminary voir dire, and we have indicated our concern that such questioning be handled in a way that is meaningful, and not by inquiry that borders on the casual and uses leading questions.[9]

In respecting the discretion of the trial judge as to what kind of examination to use, we take into account that we cannot review the appearance in the courtroom.[10]

In the case at bar, the 12-year-old complainant was immediately identified as a student in the sixth grade of a junior high school. The judge observing her appearance and manner saw no need for a voir dire. No objection or request was made by defense counsel,[11] though there was no doubt of the problem posed by the youth of the prosecution witnesses.[12] The transcript reveals intelligible comprehension in terms of answering the questions that were asked. We see no basis for a claim that the trial judge was clearly erroneous either in proceeding without a preliminary voir dire or in accepting the testimony of the young witnesses.

Affirmed.

7. McCormick, Evidence § 62; see Anno., supra note 2, at 391–392, formulating the requisite quality as embracing the witness's capacity to receive an accurate impression at the time of the occurrence; memory sufficient to retain an independent recollection; capacity to understand simple questions about the occurrence and to express, responsively his memory of the occurrence; and understanding of the obligation to speak the truth on the stand.

8. See Wheeler v. United States, supra, 159 U.S. at 524–525, 16 S.Ct. at 93: "The decision of this question rests primarily with the trial judge, who sees the proposed witness, notices his manner, his apparent possession or lack of intelligence, and may resort to any examination which will tend to disclose his capacity and intelligence, as well as his understanding of the obligations of an oath. As many of these matters cannot be photographed into the record, the decision of the trial judge will not be disturbed on review unless from that which is pre-

served it is clear that it was erroneous." See also United States v. Hardin, supra, n. 6, 143 U.S.App.D.C. at 322, 443 F.2d 735.

9. United States v. Ashe, 138 U.S.App.D.C. 356, 357–358, 427 F.2d 626, 627–68 (1970).

10. Wheeler v. United States, and United States v. Hardin, supra note 6.

11. There is a claim by the government that this constitutes a "waiver" of competency. We take this into account in upholding the judgment but prefer to avoid placing a ruling solely on this ground, especially since, as appears from the situation in Ashe, supra, note 9, a genuine lack of competency might establish a lack of competent evidence to support the verdict

12. The prosecutor obtained assurance on voir dire that the jurymen would not consider government witnesses less credible solely because of the fact that they "are children, or what the law terms children, young people under the age of 16."