703 P.2d 496

**STATE of Arizona, Appellee,**

v.

**Gerry Leroy SCHOSSOW, Appellant.**

**No. 2 CA–CR 3426.**

Court of Appeals of Arizona,
Division 2.

Sept. 28, 1984.

Robert K. Corbin, Atty. Gen. by William J. Schafer III and Linda A. Akers, Phoenix, for appellee.

Frederic J. Dardis, Pima County Public Defender by Lawrence H. Fleischman, Tucson, for appellant.

## OPINION

BIRDSALL, Chief Judge.

Appellant was arrested and indicted on four counts of child molestation. Trial was held in December 1983 and the state's case rested almost entirely upon the testimony of the four alleged victims, girls ranging in age from six to eight and one-half years at the time of the alleged incident, and from seven to nine and one-half years at the time of their testimony eleven months later. Appellant was convicted on three counts and acquitted of the fourth. The issue on appeal is whether the failure of the trial court to conduct a hearing prior to the testimony of the four children to determine their competency constituted error. We hold that it did not and affirm.

The facts concerning the incident in which appellant allegedly molested the four girls are largely without controversy. On January 20, 1983, the four girls and appellant, a friend of the family of the two girls who were sisters, were in the living room of the family's mobile home watching television. The two mothers of three of the girls were in the adjacent kitchen which, according to testimony, was separated from the living room by a partial divider wall. The two sons of one of the women, were also present in the home. The fourth girl had apparently remained in the home to watch television after studying with the two sisters. At controversy is whether during the course of watching television that night, appellant fondled the private parts of all four girls. It was the girls' testimony that he had done so, with the nature of the fondling varying from rubbing the pelvic area in one case to unsnapping and unzipping the slacks of another. Neither of the mothers noted anything unusual at the time and both were unaware of the alleged incident until one became suspicious of a conversation between her daughters the next day and questioned them. Appellant has continuously asserted his innocence, stating that the girls came in cold from the outdoors and requested that he "warm them up" and that in so rubbing their shoulders and arms he may inadvertently have touched one or another's private parts, but that the girls remained beside him on the couch with one sitting in his lap during the television show, and that they kept their coats on in the house for warmth. At trial a jury found appellant guilty of the counts of molestation against the two sisters and the daughter of the other woman present, but not guilty of the count involving the fourth girl.

The record indicates that at no time did either party inquire into the competency of the girls to testify in the case. No motions or objections were made relative to their competency. The single concession to their age was a request by the state to close the courtroom during the testimony of the girls, which the judge approved, and the courtroom was closed to spectators except the press during the girls' testimony. Thus a sub-issue is whether appellant waived his right to a competency determination by not objecting to the testimony of the girls. A failure to object to testimony waives the matter on appeal unless a finding of fundamental error is made. *State v.*

*Thomas,* 130 Ariz. 432, 636 P.2d 1214 (1981).

Two Arizona statutes relate to the testimony of children under ten years of age. A.R.S. § 12–2202 recites: "The following shall not be witnesses in a civil action: ... (2) Children under ten years of age who appear incapable of receiving just impressions of the facts respecting which they are to testify, or of relating them truly." A.R.S. § 13–4061 makes § 12–2202 applicable to criminal actions, "The laws for determining competency of witnesses in civil actions are also applicable to criminal actions and proceedings, except as otherwise provided by this article."

Taken on its face, § 12–2202 does not appear to make a competency determination by the trial court mandatory, but instead requires a finding only when the child appears incapable of properly observing facts or of testifying as to facts observed. The statute is silent as to whether a separate and independent determination must be made by the trial judge as to the competency of witnesses under age ten. The growing tendency in other jurisdictions is to remove, rather than tighten, restrictions on competency of witnesses to testify. Rule 601 of the Arizona Rules of Evidence, adopted verbatim from the Federal Rules of Evidence, states, "Every person is competent to be a witness except as otherwise provided in these rules or by statute." 97 C.J.S. 438, Witnesses, § 50 (1957) states, "[T]he legislature has plenary power, except as limited by constitutional guaranties, to prescribe the competency of witnesses in all cases, and the uniform tendency of modern legislation is to remove, instead of tighten, restrictions on competency of witnesses to testify." and § 58, describing a statute virtually identical to Arizona's § 12–2202, states, "The statute means nothing more than that if a child under ten years of age appears to the trial judge to be competent, that is, to ... receive impressions and to relate them truthfully, he becomes a competent witness." (p. 452, 636 P.2d 1214, nn. 5 and 6).

But appellant points to several statements of our supreme court which are claimed to mandate a separate determination of a child witness's credibility. In *State v. Jerousek,* 121 Ariz. 420, 425, 590 P.2d 1366, 1371 (1979) the court said,

It has long been the law in Arizona that evaluating the competency of a witness is a matter left to the trial judge's discretion and that the court's ruling will not be overruled absent a clear abuse of discretion.... A.R.S. § 12–2202 places a burden upon the trial court to examine all witnesses under the age of ten to determine their capability of receiving just impressions and relating them truthfully as witnesses. (citations omitted)

The previous year, the court spoke similarly in *State v. Bowie,* 119 Ariz. 336, 341, 580 P.2d 1190, 1195 (1978),

Before permitting a young child to testify, the trial judge must ascertain that the child is capable "of receiving just impressions of the facts respecting which they are to testify, [and] of relating them truly." (citing the statute) ... The child must also demonstrate to the trial court that he understands the necessity of testifying truthfully. (citations omitted)

And in *Davis v. Weber,* 93 Ariz. 312, 316, 380 P.2d 608, 611 (1963):

It is the settled law in this state that the trial court must examine children under ten years of age to determine whether they are capable of receiving just impressions and relating them truly (citing statute) ... The trial judge's ruling on the introduction of a child's testimony will not be disturbed except in the case of a clear abuse of discretion. (citation omitted)

This interpretation of the statute is supported by Udall & Livermore, Law of Evidence, § 65, n. 13, p. 118 (2d ed.1982):

Section [12]2202 "places a burden upon the trial court to examine all witnesses under the age of ten to determine their capability of receiving just impressions and relating them truthfully as witnesses" (citing *State v. Jerousek, supra* and

*State v. Bowie, supra*). With respect to other witnesses, whether to initiate a competency inquiry is left to the discretion of the trial judge.

One understandable conclusion from this passage is that initiating a competency inquiry as to children under ten is *not* left to the discretion of the judge.

The narrow questions before us are whether a judge is required *sua sponte* to inquire into the competence of witnesses under ten years of age in a criminal case, and whether failure to so inquire is error. We do not believe these questions have been decided in this state. We must therefore examine those cases in which our supreme court has spoken on the issue of child witness competency.

▮ In *State v. Garner*, 116 Ariz. 443, 569 P.2d 1341 (1977), the child involved was over ten years old at the time of trial, but there was evidence indicating he was of somewhat below average intelligence for a boy of his age. The competency of a child to testify relates to the time when the child is produced as a witness, not to the time when the events occurred. *Litzkuhn v. Clark*, 85 Ariz. 355, 339 P.2d 389 (1959). Defendant had expressed reservations concerning the child's testimony before trial and the judge had ordered two psychiatric examinations of the child. Based on these reports as well as the judge's own observations of the child in pre-trial testimony, the judge ruled him competent to testify. This ruling was not disturbed by the supreme court on appeal. That court said: "Even under A.R.S. § 12–2202 children under the age of 10 must also be shown to be 'incapable of just impressions of facts respecting' their testimony before they are excluded as witnesses." 116 Ariz. at 446, 569 P.2d 1341. We understand the court to mean that there is a presumption of competence until the question is raised by the party opposing the testimony or the question otherwise appears.

▮ One case cited for support by appellant is *State v. Jerousek, supra*. At issue was the judge's ruling that the child victim could testify at trial without undergoing the psychiatric examination requested by defendant. The appellant in that case also argued that the question of the child's competency was a question for the jury. Thus, while the court's statement at 121 Ariz. 425, "A.R.S. § 12–2202 places a burden upon the trial court to examine all witnesses under the age of ten to determine their capability of receiving just impressions and relating them truthfully as witnesses, ..." might seem to place a burden on the judge, we read it to imply rather that such determination, if one is to be made, is for the trial court judge, and not necessarily for psychiatrists, and definitely not for the jury. Again, the judge in the case did examine the child in chambers, so the issue in the case at bar is not presented in *Jerousek.*

*Toney v. Bouthillier*, 129 Ariz. 402, 631 P.2d 557 (App.1981) involved deposition statements by a child victim of a dog bite. Division One of this court found that the judge at trial granted summary judgment notwithstanding the weight of the testimony in the child's deposition. There was no showing that the judge had made any determination as to the competency of the child. Rather than mandating such a determination, the court of appeals stated: "Without first having examined the child on voir dire a trial court may not determine that a child is incompetent to testify.... Absent such an examination we cannot presume that Eugenia or the two children who witnessed the incident will be excluded as witnesses." (citations omitted). We again read this to infer a presumption *in favor of* competency not requiring an independent determination.

▮ Also cited as supporting the requirement of a competency determination is *Litzkuhn v. Clark*, 85 Ariz. 355, 339 P.2d 389 (1959). The lower court had refused to allow a child five years old at the time of the incident and six at the time of trial to testify because the judge had felt that a child that young was incompetent to testify. The trial judge had not conducted any examination to determine the child's compe-

tency. The court in *Litzkuhn* stated: "It follows that the child's youthfulness was not, per se, sufficient to exclude her from the witness stand, as there is no arbitrary age limit under which the testimony of a child is automatically rejected." 85 Ariz. at 359, 339 P.2d 389. Neither *Litzkuhn* nor *Toney* suggest that a competency determination is mandated, only that testimony cannot be *excluded* absent such determination.

*Litzkuhn* and appellant cite with approval the case of *People v. Delaney*, 52 Cal. App. 765, 199 P. 896 (1921). However, we find that *Delaney* contradicts appellant's argument that a judge must *sua sponte* raise the issue of a child-witness's competence. In *Delaney*, the California trial judge conducted a very cursory examination of a young child and denied defense counsel an opportunity to pose any questions to the child. On the basis of the judge's few questions, the appellate court said, "If the child is under 10 years of age, *and his competency to testify is, for that reason, challenged,* the strength of his mental faculties and his power to understand and appreciate his moral duty to speak the truth is to be determined by an inquiry the purpose of which is to advise the trial judge." 199 P. at 899, emphasis added.

Addressing a statute very similar to Arizona's, the preceding comments go directly to the weakness in appellant's argument. *Delaney* clearly indicates that the determination of a child's competency to testify is to be made when challenged by one of the parties.

*Davis v. Weber, supra,* is another case with strong language seeming to mandate a separate determination of competency. But as with other cases, we find that it is merely dictum and the issue being addressed is not whether such determination must be made, but rather the effect of such determination once made. The judge had examined the child in the absence of the jury. He had found her competent to testify. He later directed a verdict against the weight of the child's testimony. Relying

on *Litzkuhn*, the court analogized the lower court's right to later change its mind and disregard the testimony to the ability, indeed the duty, of a judge, having once permitted a child to be sworn, to change course, remove the child from the stand, and direct the jury to disregard the testimony. Language concerning the obligation to examine the child is not a holding of the case.

Perhaps the strongest language implying an obligation under the statute to examine a child is found in *State v. Bowie*, 119 Ariz. 336, 580 P.2d 1190 (1978). Our supreme court stated:

Whether children as young as the two who testified is a decision left to the discretion of the trial court.... *Before permitting a young child to testify, the trial judge must ascertain that the child is capable* "of receiving just impressions of the facts respecting which there are to testify, [and] of relating them truly." ... The child must also demonstrate to the trial court that he understands the necessity of testifying truthfully. (citations omitted, emphasis supplied) 119 Ariz. at 341, 580 P.2d 1190.

The opinion goes on to relate that the children were examined away from the jury by the court, the prosecutor, and the defense attorney. Both children were found to understand the difference between truth and lies, and indicated they would relate the truth at trial. Although neither child could precisely define "oath," our supreme court found that this was not fatal to the trial judge's determination that they were competent to testify. In citing A.R.S. § 12–2202, the court there interpreted it in a positive, rather than negative, voice, seeming to mandate a determination that the child is "capable 'of receiving just impressions ..., [*and*] of relating them truly.'" *Bowie, supra,* 119 Ariz. at 341, 580 P.2d 1190. The literal interpretation of the statute is that children under ten shall not be witnesses *"who appear incapable* of receiving just impressions of the facts ..., *or* of relating them truly." A.R.S. § 12–2202, *supra.* Because the language of the

court in *Bowie* is not necessary to its holding, that is, that the children had been examined and found competent to testify, we conclude that it, too, is dictum.

■ Unless the competency of the child witness is called into question by the parties in the proceedings below, or unless it appears to the court that the child is incapable of receiving just impressions of the facts respecting which they are to testify, or of relating them truly, we hold that there is no obligation on the trial judge to independently make a determination of the child's competency. We believe that the supreme court has mandated only that when a party below calls into question the competency of a potential witness under the age of ten, or the judge believes it necessary, shall the trial court be obliged to make a separate determination of competency.

■ In the instant case we presume that the trial judge, despite the absence of an *in camera* examination, believed the witnesses to be competent. Otherwise we presume that he would have interrupted the testimony and conducted a separate competency hearing or taken other appropriate measures.

■ As support of his argument that a judge ought *sua sponte* to examine children under age ten, appellant refers us to newly enacted statute A.R.S. § 13–1416, effective August 3, 1984. Appellant correctly notes that the statute was not in effect at the time of his trial, yet urges it as supportive of his position. We do not agree. The statute provides for admission into evidence of statements of children under ten years of age, *which are not otherwise admissible by statute or court rule,* upon an *in camera* hearing by the judge, who must find that the statements contain sufficient indicia of reliability. This statute would not in any event be applicable to this case because the girls' statements *were* otherwise admissible under § 12–2202.

Appellant additionally urges that the child witnesses were incompetent and it was error for their testimony to be admitted, regardless of any duty to conduct a separate competency hearing.

■ In viewing the entire record of this case on appeal, we find that the admission of the testimony of the four girls did not amount to error. The girls' testimony was not confused or incoherent. Two of them testified on the stand that they did understand truth and lies, and that they were telling the truth. They each indicated that they remembered details of the incident with clarity, and two also recounted previous encounters with the appellant. The trial transcript indicates that appellant's trial counsel conducted interviews with the child-victims before the start of the trial. Nothing in the record suggests any of the children appeared to be incompetent to the prosecutor or defense counsel or to the trial judge. Appellant raises inconsistencies in the testimony of one girl. Presuming competence, these inconsistencies go to the credibility of the witness, and are a question of fact for the jury to decide. The jury could reasonably have found that the four girls, or some of them, were telling the truth. The jury apparently did believe them and its verdict will not be overturned.

Since we find no error, we do not reach the question of fundamental error.

Affirmed.

HATHAWAY, J., concurs.

HOWARD, Judge, specially concurring.

The majority concludes that the trial judge need not initiate the examination of a child under ten years in order to determine whether the child is capable of testifying. I do not agree but concur in the result. Udall and Livermore are right, the statute places a burden on the judge to *sua sponte* examine all witnesses under the age of ten to find out if they are capable of being witnesses. Apparently the majority believes that under A.R.S. § 12–2202 the judge need only look at the child and decide whether such child "appears" incapable of receiving just impressions, etc. I guess

that those children with narrow set eyes and weak chins would obviously be "incapable" and those with dancing eyes and an apparent good disposition would be "capable." It seems to me that the only way the judge can tell if the child is capable is to ask him or her some preliminary questions and that is what I believe the statute requires. Contrary to the conclusion reached by the majority, the Arizona cases also stand for this proposition. Nevertheless, I would affirm here because any error was waived by failing to object to the testimony and by the fact that the testimony of the children shows they were competent witnesses under the statute. The failure to *sua sponte* examine the children for competency was not fundamental error.