703 P.2d 448

**STATE of Arizona, Appellee,**

v.

**Gerry Leroy SCHOSSOW, Appellant.**

**No. 6418–PR.**

Supreme Court of Arizona,
En Banc.

June 4, 1985.

Robert K. Corbin, Atty. Gen. by William J. Schafer, III, Linda A. Akers, Georgia B. Ellexson, Phoenix, for appellee.

Frederic J. Dardis, Pima County Public Defender by Lawrence H. Fleischman, Tucson, for appellant.

FELDMAN, Justice

Gerry Schossow (defendant) petitions us to review a decision of the court of appeals affirming his conviction of three counts of child molestation. *State v. Schossow*, 145 Ariz. 552, 703 P.2d 496 (App.1984). Although the victims, four girls aged 7 to 9½ years, testified against defendant, the trial judge failed to conduct any preliminary examination to establish their competence to testify. The court of appeals held that in the absence of challenge by opposing counsel the relevant statute did not require the trial judge to initiate any kind of preliminary competency inquiry, and that, in any case, no reversible error could be found in view of the coherent testimony given by three of the girls. 145 Ariz. at 557, 703 P.2d at 501. Defendant contends that in permitting the testimony without a competency hearing the trial judge committed fundamental and prejudicial error.

We have jurisdiction pursuant to Ariz. Const. art. 6, § 5(3), and granted review in order to offer some guidance to the lower courts on the question presented. Rule 31.19(c)(4), Ariz.R.Crim.P., 17 A.R.S. We hold that our statutes require the trial judge to determine competency prior to taking the testimony of a witness under ten years of age.

At common law no child under fourteen years of age was eligible to testify as a witness. Annot., 81 A.L.R.2d 386, 389–90 (1962). It was not until 1779 that the law renounced the rule of absolute disqualification. In *Rex v. Brasier*, 1 Leach 199, 168 Eng.Rep. 202 (1779), the court held that a child less than seven years old was competent to testify *"provided such infant appears, on strict examination by the court,* to possess a sufficient knowledge of the nature and consequences of an oath...." *Id.* at 200, 168 Eng.Rep. at 203 (emphasis supplied). The United States Supreme Court followed the *Brasier* rule in *Wheeler v. United States*, 159 U.S. 523, 16 S.Ct. 93, 40 L.Ed. 244 (1895) and held that a five year old child was competent to testify in a criminal trial for murder. The Court stated that the

decision of this question rests primarily with the trial judge, who sees the proposed witness, notices his manner, his apparent possession or lack of intelligence, and *may resort to any examination* which will tend to disclose his capacity and intelligence....

*Id.* at 525–526, 16 S.Ct. at 93 (emphasis supplied).

In response to the *Wheeler* decision, a large number of states enacted statutes similar to A.R.S. § 12–2202, which states, in pertinent part:

Persons who may not be witnesses.

The following shall not be witnesses in a civil [1] action:

\* \* \* \* \* \*

2. Children under ten years of age who appear incapable of receiving just impressions of the facts respecting which they are to testify, or of relating them truly.

■ Statutes similar to A.R.S. § 12–2202 have been construed to posit a presumption that children under the age of ten (or, in some cases, twelve) are incompetent to testify; this presumption can be rebutted by a showing of competency sufficient to allow the trial judge to make a finding on the issue. *See, e.g., Hildreth v. Key,* 341

1. A.R.S. § 13–4061 makes § 12–2202 applicable to criminal actions.

S.W.2d 601 (Mo.App.1960); *Getty v. Hutton*, 110 Wash. 124, 188 P. 10 (1920); Note, *The Competency of Children as Witnesses*, 39 Va.L.Rev. 358, 360 (1953). Thus, the presumption created by the statute would be rebutted if the trial judge, by conducting a preliminary examination, finds the child competent to testify. These decisions, interpreting statutes similar to ours, track the early cases of *Rex v. Brasier, supra,* and *Wheeler v. United States, supra,* both of which appear to mandate some sort of examination by the trial judge.

Several courts have held that statutes like ours require the trial judge to conduct an examination of the offered child-witness. *See, e.g., Sevier v. State,* 614 P.2d 791, 794 (Alaska 1980); *Brandau v. Webster,* 39 Md.App. 99, 382 A.2d 1103, 1106 (1978); *State v. Wilson,* 156 Ohio St. 525, 103 N.E.2d 552 (1952). Because the relevant statutes are similar, California decisions have some weight in the resolution of this issue. *See DeBoer v. Brown,* 138 Ariz. 168, 673 P.2d 912 (1983). In *People v. Delaney,* 52 Cal.App. 765, 199 P. 896 (1921), the court reversed the conviction of a defendant charged with lewd and lascivious conduct on the ground that the trial judge had conducted too meager a voir dire of the four year old victim. In the case at bench, our court of appeals distinguished the *Delaney* decision on its facts, pointing out that in *Delaney,* unlike the case at bench, defense counsel challenged the competency of the witness. 145 Ariz. at 556, 703 P.2d at 500. We do not believe that this was a crucial distinction in California. *People v. Delaney,* 199 P. at 898, 900, 901. Other California decisions have reiterated the *Delaney* rule and have required the trial judge to *initiate* a competency inquiry. *See, e.g., People v. Loignon,* 160 Cal.App.2d 412, 325 P.2d 541 (1958); *People v. Ernst,* 121 Cal.App.2d 287, 263 P.2d 114 (1953) (the Code imposes upon the trial judge the duty of determining whether a child under ten years is a competent witness).

We have previously stated that "[i]t is the settled law in this state that the trial court *must* examine children under ten

years of age...." *Davis v. Weber,* 93 Ariz. 312, 316, 380 P.2d 608, 611 (1963) (emphasis supplied). The above sentence was quoted by us in support of the proposition that such an examination is not required for a child over ten years of age.

It does not follow that the trial court *on its own motion must examine a child over the age of ten years,* ... and absent a request by the defendant we will not consider the error on appeal unless it appears from the testimony that the error was fundamental and prejudicial....

*State v. Perez,* 109 Ariz. 572, 574, 514 P.2d 493, 495 (1973) (emphasis supplied). This statement, contrasting the treatment of child witnesses over and under the age of ten, reflects our early conclusion that the trial judge must examine a child under ten *sua sponte.* Other assertions to this effect have been made by us from time to time: *"Before permitting a young child to testify,* the trial judge *must ascertain* that the child is capable of receiving just impressions of the facts respecting which they are to testify ... [and] of relating them truly.' " 1190, 1195 (1978) (quoting A.R.S. § 12–2202 (2)) (emphasis supplied).

It is true that the statutory directive is uncertain with respect to the need for a preliminary inquiry. It is also true that in all our previous cases the trial judge had either examined the offered witnesses and determined that they were competent, or had excluded them without examination. Thus, as the court of appeals observed (145 Ariz. at 556–557, 703 P.2d at 500–501), our previous statements requiring the trial judge to conduct a preliminary examination *sua sponte* before admitting testimony of a child under the age of ten were dicta. Because of this and because both the trial judge and a majority of the court of appeals chose not to follow our prior pronouncements, we have re-examined the issue.

We have previously indicated the need for a liberal interpretation of evidentiary rules in order to meet the problems in-

volved in the apprehension and trial of child molesters, abusers, and similar criminals. *State v. Rivera*, 139 Ariz. 409, 413 n. 1, 678 P.2d 1373, 1377 n. 1 (1984). As we indicated in *Rivera*, however, the interests of justice also require that we be mindful to preserve and uphold evidentiary rules which have evolved and been tested over centuries of common law experience as aids in the truthseeking process. *Id.* The common law has retreated from the rule of absolute disqualification of young witnesses at any fixed age. *United States v. Schoefield*, 465 F.2d 560, 561 (D.C.Cir.), *cert. denied* 409 U.S. 881, 93 S.Ct. 210, 34 L.Ed.2d 136 (1982). The common law may also have retreated from the presumption of incompetency at any particular age. *Id.; see also* Rule 601, Ariz.R.Evid. 17A, A.R.S. In our view, however, A.R.S. § 12–2202 indicates the legislature's concern that very young witnesses often are not competent to testify and that the best method of handling the problem is to rely upon the experience and discretion of the trial judge to evaluate the witness and determine competency.

As we have indicated in the past, we believe the explicit statutory mention of the competency issue with respect to children under the age of ten requires that, with such witnesses, there be a preliminary inquiry or voir dire examination into the question of competency. This system seems uniquely fitted to the testimony of the young witness. It accommodates the need for a liberal rule interpretation which would reject absolute disqualification of young witnesses. On the other hand, it mitigates the danger of convictions founded upon testimony which, despite its surface appeal, may be untrustworthy because the witness has not yet obtained the mental capacity necessary to understand and accurately recall and narrate an occurrence. Our courts must continually deal with the problems inherent in the inaccuracy of comprehension, recall, and narration. Even those children who are competent will share such problems with adults. It is not good policy to add to the jury's burden of determining credibility by allowing testimo-

ny from those who not only may not, but cannot, accurately recall and testify to events.

■ It is the general rule in Arizona that any question of competency—as distinguished from credibility—is for the trial judge, not the jury. *Udall & Livermore, Law of Evidence*, § 65, at 117–18 (2d ed. 1982). "Where any doubt appears the court may and should conduct a preliminary" inquiry to determine capacity. *Id.* at 118. We believe the statute, as a matter of law, raises such a doubt as to witnesses under the age of ten. We agree with Judge Howard, concurring in the court of appeals, that the statute "places a burden on the judge to *sua sponte* examine all witnesses under the age of ten to find out if they are capable" of giving accurate testimony. We agree with the concurrence that this responsibility cannot be satisfied if the trial judge merely "look[s] at the child and decide[s]" that the child may take the stand. The only rational way that the judge can determine whether the child "appears" capable of receiving accurate impressions and relating them is through some preliminary inquiry.

■ We hold, therefore, that A.R.S. § 12–2202 makes a competency determination by the trial court mandatory as to children under the age of ten. That determination must be made even in the absence of request or objection. We require no specific litany. The determination may ordinarily be made by voir dire examination of the child and, in addition or substitution, by such other inquiry as may be appropriate under the facts of any specific case. For instance, inquiry as to school records, examination of teachers or other methods may be appropriate or sufficient in a particular case. We caution, however, that the inquiry or "questioning be handled in a way that is meaningful, and not by inquiry that borders on the casual" or uses rhetorical questions. *United States v. Schoefield*, 465 F.2d at 562. After such inquiry the court should make a specific finding supported by information on the record that

the witness has the "mental capacity to understand, recall and narrate" his or her observations or knowledge. *Id.* The findings of the trial judge on this issue will be entitled to deference and will not be reversed except for abuse of discretion. *Udall & Livermore, supra,* § 65; *see also People v. Goble,* 41 Ill.App.3d 491, 354 N.E.2d 108 (1976).

We turn now to the question of whether the conviction in this case should be reversed. The trial judge here made no inquiry into the question of competency. This was error. However, it is well settled that a conviction will not be reversed unless the error committed results in prejudice to the defendant. The test is whether there was reasonable probability that the verdict might have been affected by the error. *State v. Brady,* 105 Ariz. 190, 196, 461 P.2d 488, 494 (1969). *See also* A.R.S. § 13–3987; Ariz. Const. art. 6, § 27.

The record in the case at bench demonstrates that the failure to conduct a preliminary examination of the child-witnesses was not prejudicial error. The testimony of three of the witnesses was relatively unimpeached and, in fact, mostly corroborated by defendant's own testimony. Our review of the testimony of these three witnesses raises no question of competency; the response of each witness to the questions propounded on direct and cross examination leaves no doubt that each witness had the mental *capacity* to understand, recall and truthfully narrate. This cannot necessarily be said for the testimony of the fourth witness, but defendant was acquitted of the charge based upon that witness' testimony. Given these facts, there is no reasonable possibility that had the trial judge conducted the preliminary hearing, the girls would have been found incompetent to testify and the main evidence against the defendant excluded. Indeed, the competency of the girls was hardly an issue at trial. Each of them was interviewed by defense counsel before testimony was given, yet defense counsel made no request for a voir dire examination by either judge or counsel. Nor was any objection made to the testimony on the grounds of competency. In light of the preceding interview, counsel's failure to request a hearing or object to the lack of a hearing seems more a matter of strategy than anything else. We therefore agree with the special concurrence in the court of appeals that the error here was not prejudicial, and that reversal is not required.

The state argues in addition that any error in the trial judge's failure to make a *sua sponte* inquiry into competency was waived by defense counsel's failure to object after interviewing the witnesses. We prefer not to rule on the basis of "waiver," though we do think the circumstance is one to be considered in determining whether the error was prejudicial. *See United States v. Schoefield,* 465 F.2d at 562, n. 11. We caution, however, that the trial court's failure to make a *sua sponte* inquiry into competency will be fundamental and prejudicial error in those cases in which the inquiry mandated by § 12–2202 has not been made and the record discloses any significant doubt as to the child's competency. In such situations, there having been no inquiry and no determination by the judge, there will be no basis on which to defer to the trial court's discretion. We will be compelled to reverse where the record indicates any substantial question regarding competency of testimony which may have affected the result.

The opinion of the court of appeals is vacated. The conviction is affirmed.

HOLOHAN, C.J., GORDON, V.C.J., and HAYS and CAMERON, JJ., concur.