**Vincent BEACON, Plaintiff,**

v.

**R. M. JONES APARTMENT RENTALS et al., Defendants.**

Civ. No. C 77–585.

United States District Court, N. D. Ohio, W. D.

June 29, 1978.

Joseph Tafelski, William Lindsley, Toledo, Ohio, for plaintiff.

Martin J. Holmes, Schnorf, Schnorf & Holmes, Toledo, Ohio, for defendants.

### MEMORANDUM AND ORDER

DON J. YOUNG, District Judge.

This cause came to be heard upon plaintiff's motion for the Court to enter a protective order pursuant to Rule 26(c)(5) of the Federal Rules of Civil Procedure designating who may be present when certain depositions are conducted. The depositions concerned are that of the plaintiff for which notice was served on December 6, 1977, and depositions of defendant Dorothy Doe (an unidentified person assertedly an agent or employee of defendant R. M. Jones Apartment Rentals) and deposition or depositions of the "owner, partners and/or chief corporate officer of defendant Robert M. Jones Apartment Rentals" for which plaintiff served notice on March 28, 1978. Plaintiff desires the Court to enter an order precluding any of the foregoing persons from attending the deposition of any of the others. Defendant opposed the motion.

It is clear that under Rule 26(c)(5) the Court has the authority to limit who

**142**

may attend depositions even to the exclusion of parties to the suit. 4 *Moore's Federal Practice* ¶ 2673 (2d ed. 1976). It is the opinion of the Court that in a Title VIII housing discrimination action the subtle and sophisticated questions of whether the defendants have engaged in unlawful discriminatory housing practices presents good cause for the entry of such an order. Questions of credibility are inherent in such actions, and this route, which is the equivalent of an order of separation of witnesses, made routinely in trials, will permit the greatest opportunity for evaluation of the testimony secured.

Therefore, for the reasons stated herein, good cause appearing, it is

ORDERED that the plaintiff's motion for a protective order should be, and it hereby is, sustained, and it is

FURTHER ORDERED that the depositions of persons for which notice has been heretofore served shall be conducted with no person present other than the party to be deposed, counsel and court reporter, nor shall the deposition of the plaintiff, if taken first, be disclosed to, nor examined by, any of the other persons to be deposed until after their depositions have been concluded.

IT IS SO ORDERED.