614 P.2d 335

The STATE of Arizona, Appellee,

v.

Eric PEELER, Appellant.

No. 2 CA–CR 1924–2.

Court of Appeals of Arizona, Division 2.

April 22, 1980.

Rehearing Denied June 3, 1980.

Review Denied June 24, 1980.

**256**

Stephen D. Neely, Pima County Atty. by Christopher M. O'Connell, Tucson, for appellee.

Donald S. Klein, Tucson, for appellant.

## OPINION

RICHMOND, Judge.

Appellant was convicted of sexual assault, attempted sexual assault, and second degree burglary, with three prior felony convictions. He argues on appeal that the trial court erred by 1) finding the victim, an elderly woman, competent to testify at a pre-trial deposition, and allowing the deposition to be introduced at trial; 2) admitting into evidence statements made by the victim after the assault; 3) allowing a police officer to give his opinion about the victim's condition after the assault; 4) refusing to ask a voir dire question to determine the jury panel's feelings about interracial sexual relations between a young man and an elderly woman; 5) denying appellant's request for an expert to investigate jury selection, and 6) imposing an enhanced sentence pursuant to A.R.S. § 13–604 because of prior felony convictions in Washington. Appellant also contends he was denied effective assistance of counsel. We affirm.

The convictions resulted from an incident in which appellant broke into the apartment of a 79-year-old woman, forced her to engage in oral sexual contact, and attempted to rape her. The intrusion and the victim's calls for help were overheard by neighbors who summoned the police. When the police arrived, they found appellant naked, lying on top of the nude victim with his hands over her mouth. He admitted attempting to have sexual intercourse with the victim but claimed she had consented to the act.

The victim was deposed at appellant's request prior to the trial. The deposition was videotaped, and the videotape was played to the jury when the victim was found to be incompetent to testify at the time of trial. Appellant contends the victim was also incompetent when the deposition was taken.

■ It is within the sound discretion of the trial court to determine whether a witness is competent to testify. *See State v. Attebery*, 110 Ariz. 354, 519 P.2d 53 (1976). A witness is incompetent to testify if he or she is unable to understand the nature of an oath, or perceive the event in question and relate it to the court. *State v. Brown*, 102 Ariz. 87, 425 P.2d 112 (1967). The court based its determination on the testimony of the victim's physician and a psychologist who interviewed her and viewed the videotape. The physician testified that he felt the victim was competent to testify because she knew the difference between right and wrong, could remember basic details, and was capable of understanding that she must tell the truth. The psychologist said he regarded the victim to be marginally competent, but stated that she could give the essentials of what had transpired. He also believed she was capable of honestly relating what she recalled. The contradictions and inconsistencies in her testimony affected her credibility, not the admissibility of her testimony. *State v. Coleman*, 579 P.2d 732 (Mont.1978); *People v. Trujillo*, 577 P.2d 297 (Colo.App.1977).

■ Appellant also challenges the admission under the excited utterance exception to the hearsay rule of statements made by the victim to police officers immediately after the assault. 17A A.R.S. Rules of Evidence, rule 803(2). For this exception to apply, there must be a statement relating to a startling event made while the declarant was still under the stress of excitement so there was no time to fabricate. *State v. Yee*, 121 Ariz. 398, 590 P.2d 937 (App.1978). The basis for the exception is that the exciting event produces nervous excitement making fabrication unlikely. *Id.*

■ Although there was an exciting event and the statements about it were made while the victim was still under the stress of excitement, appellant contends they were inadmissible because the psychologist testified that statements made by the victim would "probably" be less than reliable if she was extremely agitated, but might become reliable as she grew calmer. The police officers who arrived at the scene testified that the victim, although still emo-

tionally upset and a little confused, understood what had transpired and responded well to questions a short time after the assault. Based on this evidence, the court did not abuse its discretion in admitting the statements as excited utterances. Their admission did not violate appellant's Sixth Amendment right of confrontation because his counsel had an opportunity to cross-examine the witness at the pretrial deposition, with an interest and motive similar to that he would have had at the time of trial. *See State v. Reid*, 114 Ariz. 16, 559 P.2d 136 (1976).

Appellant's next contention is that the court erred in admitting the opinion of an officer about the victim's mental condition, responsiveness, and competence after the assault. Lay witnesses may properly testify as to opinions rationally based on their perceptions. 17A A.R.S. Rules of Evidence, rule 701. The fact that the officer's opinion was based on observations of the victim's conduct is of no moment since the conduct was not intended as an assertion. Rules of Evidence, rule 801(c). The testimony did not violate appellant's right of confrontation since he had an opportunity to examine both the victim and the officer.

Appellant argues that he was denied an impartial tribunal because the court failed to ask a voir dire question about the propriety of a black man showing affection for an elderly white woman. The court interrogated the jury on the issue of racial bias and the propriety of a black man showing affection for a white woman, and informed the panel about the age of the victim. This was sufficient to ensure an impartial tribunal. *See Ham v. South Carolina*, 409 U.S. 524, 93 S.Ct. 848, 35 L.Ed.2d 46 (1973); *Commonwealth v. Christian*, 480 Pa. 131, 389 A.2d 545 (1978).

Appellant contends it was error for the court to deny his request that experts be appointed to investigate the discriminatory effect of the Arizona statutory scheme for jury selection. The Arizona statute on the appointment of experts for indigent defendants, A.R.S. § 13–4013(B), limits the appointment to capital offenses. Constitutional considerations may mandate the appointment of experts in other cases, however, if the denial would substantially prejudice the defendant. *Mason v. Arizona*, 504 F.2d 1345 (9th Cir. 1974) *cert. den.* 420 U.S. 936, 95 S.Ct. 1145, 43 L.Ed.2d 412; *State v. Knapp*, 114 Ariz. 531, 562 P.2d 704 (1977) *cert. den.* 435 U.S. 908, 98 S.Ct. 1458, 55 L.Ed.2d 500. The decision is within the sound discretion of the trial court, and will not be overturned on appeal unless the appellant clearly establishes substantial prejudice. *Id.* We find no abuse of discretion here, since defense counsel failed to establish why he could not make the investigation himself, or why the experts were necessary to an adequate defense. *See Mason, supra.*

Appellant also challenges the enhancement of his sentence because of prior convictions in the state of Washington for two counts of credit card forgery and one count of taking an automobile without permission. All three crimes are felonies in that state. A.R.S. § 13–604(I) provides that:

A person who has been convicted in any court outside the jurisdiction of this state of an offense which if committed within this state would be punishable as a felony or misdemeanor is subject to the provisions of this section.

The offenses are class 6 felonies under Arizona law. A.R.S. §§ 13–2104 and 13–1803. Since class 6 felonies can be treated by the court as misdemeanors under A.R.S. § 13–702(G), appellant argues they are not offenses which would be punishable as felonies in Arizona. His argument, however, ignores the fact that the offenses are felonies until specifically designated as misdemeanors by the trial court.

Appellant's final argument is that he was denied effective assistance of counsel. The trial court stated that the defense attorney "did as capable a job as any attorney . . . could have under the circumstances . . . ." Our review of the record leads us to agree.

Affirmed.

HATHAWAY, C. J., and HOWARD, J., concur.