661 P.2d 1133

## MONTGOMERY ELEVATOR COMPANY, Petitioner,

v.

## SUPERIOR COURT OF the STATE of Arizona In and For the COUNTY OF MARICOPA and Alan S. Kamin, a Judge thereof; Michael PHILLIPS, a minor, by his next friend, Terri ORTEGA, real party in interest, Respondents.

No. 16446–SA.

Supreme Court of Arizona,
En Banc.

March 30, 1983.

Ladendorff & Ridge by Warren C. Ridge, Donald G. Isaacson, Phoenix, for respondent minor.

FELDMAN, Justice.

Petitioner brings this special action claiming that the respondent judge abused his discretion in granting a motion for protective order. Finding that there was no adequate remedy by appeal, we accepted jurisdiction. Ariz.R.Sp.Act. 8, 17A A.R.S. We find that the protective order was improper, and grant relief.

Plaintiff was injured by an escalator at a department store in Phoenix. Through his next friend, plaintiff brought an action for damages. The defendants named in the complaint were the owner of the store, Carter Hawley Hale Stores, Inc.; the manufacturer of the escalator, Otis Elevator Company; and the escalator servicing company, Montgomery Elevator Company (Montgomery). The defendants gave notice to take the deposition of the six-year-old plaintiff pursuant to Ariz.R.Civ.P. 30(a), 16 A.R.S.[1] Alleging the tender age of the prospective deponent, plaintiff's counsel moved for a protective order under Rule 26(c) and argued that discovery should not be allowed, or, if allowed, should be restricted in scope, duration, and with regard to the number of persons permitted to attend.

The trial court granted the alternative relief requested, ruling that plaintiff might be deposed but restricting the duration of the deposition, the manner in which it was to be taken, and the subjects to be covered. In addition, the trial court ordered that "only one defense counsel" might attend the deposition and that counsel for the other two defendants could move for permission to take an additional deposition after receipt of the transcript of the first deposition. Montgomery claims that the trial court's order was arbitrary, capricious and an abuse of discretion.

Depositions are part of the discovery procedures authorized by the Arizona Rules of

Struckmeyer & Wilson by Donald R. Wilson, James Junker, Phoenix, for petitioner.

1. The rules of Civil Procedure will hereinafter be referred to as Rule ____.

Civil Procedure. The procedure for depositions upon oral examination is described in Rule 30. The entire rule presupposes representation of all parties who wish to be present. Notice must be given to all parties. Rule 30(b)(1). "Any party not present within thirty minutes following the time [noticed] ... waives any objection that the deposition was taken without his presence." Rule 30(c). The rules provide for examination and cross-examination as well as for the making of objections. *Id.* The rules further provide that depositions may be used at trial under various circumstances, and the deposition of a party, such as the plaintiff in this case, may be used both for impeachment and substantively even though the party is present at the trial. Rule 32(a).

■ In our view, since the deposition is part of the judicial process, it cannot be entirely closed to the parties in the case. We recognize, however, that the language of Rule 26(c)(5) allows an order that discovery be conducted with no one present except persons designated by the court. The Arizona rule is identical to Fed.R.Civ.P. 26(c)(5); in analyzing that rule, it has been stated that:

> Prior to 1970 the corresponding provision of what was then Rule 30(b) stated "that the examination shall be held with no one present except the parties to the action and their officers or counsel." By clear negative implication this was read to mean that the parties, their officers, and counsel could not be excluded. This was a desirable result and there is no indication that the Advisory Committee intended to change it when it proposed the 1970 amendment.

8 C. Wright & A. Miller, *Federal Practice & Procedure* § 2041, at 295–96 (1970); *but see* 4 J. Moore, *Moore's Federal Practice* ¶ 26.73 (2d ed. 1982).

■ Federal cases construing the new rule have allowed the exclusion of parties from depositions, but have stated that "such an exclusion should be ordered rarely indeed." *Galella v. Onassis,* 487 F.2d 986, 997 (2d Cir.1973) (party excluded because there was cause to believe he would harass the deponent); *see also Beacon v. R.M. Jones Apartment Rentals,* 79 F.R.D. 141 (N.D.Ohio 1978), and *Milsen Co. v. Southland Corp.,* 16 Fed.R.Serv.2d 110 (N.D.Ill. 1972) (party/deponents excluded from the other's depositions to preserve independent recollection of each deponent).[2] Other unusual situations where it would be appropriate to exclude a party would be easy to imagine, but we have found no case on the issue of totally depriving a party of counsel at deposition. We believe the right of representation is basic to our system of justice and extends to every facet of the judicial process. *See Arizona State Department of Public Welfare v. Barlow,* 80 Ariz. 249, 252, 296 P.2d 298, 300 (1956). Therefore, despite the broad language of Rule 26(c)(5), the court is without authority to deprive a party of representation at any part of the proceeding which is adversarial, especially those at which testimony or evidence is discovered, considered or taken.[3]

■ We acknowledge the difficulty with which the trial court was faced in the case at bench. Of course, the court had discretionary power to find that the prospective deponent—a witness under the age of ten years—was not competent to testify. A.R.S. § 12–2202; *Davis v. Weber,* 93 Ariz. 312, 380 P.2d 608 (1963); *State v. Peeler,* 126 Ariz. 254, 614 P.2d 335 (App.1980). The court evidently concluded that the witness was competent, but decided to regulate the deposition because of the age of the witness. Our holding here does not materially restrict the trial court in its broad power of regulation. Where appropriate, the court may regulate, as it did here, all aspects of the deposition, including the order of questioning, the time of each deposition session,

---

2. In the cases cited, the courts found cause to exclude a party, but there is no indication that counsel for the party was excluded.

3. We do not reach the question of whether there is a right of representation at a non-adversarial proceeding such as medical examination under Rule 35.

the subjects to be covered, and many other matters, not all of which are spelled out in the rules. No doubt the court may also regulate the behavior of those in attendance at a deposition. There is authority, also, that the court may regulate, rather than eliminate, representation by requiring that numerous parties who have common interests on specific issues be represented by a particular lawyer with respect to discovery or even trial of common issues.[4]

■ We hold, however, that the court cannot deprive a party of representation by excluding all counsel for that party from attendance at the deposition proceedings. To the extent that the protective order granted by the court below deprived Montgomery of representation, it was in excess of the court's authority. It is ordered, therefore, that relief is granted. *See* Ariz. R.Sp.Act. 3(b), 17A A.R.S. The order granting the motion for protective order is vacated to the extent that it prohibited each party from being represented by one counsel at the deposition and the case is remanded for further proceedings.

HOLOHAN, C.J., GORDON, V.C.J., and HAYS, J., concur.

CAMERON, Justice, dissenting.

I believe that the protective order in the instant case was authorized under our Rules of Civil Procedure, and that the substance of that order was a permissible restriction on the nature of discovery sought. Accordingly, I dissent.

The rule provides:

4. *See* 1 (pt. 2) J. Moore, *supra* §§ 190–193, (covering liaison counsel, lead counsel, and steering committees); Federal Judicial Center, Manual for Complex Litigation 1.92 (1981). Federal cases involving complex or multi-district litigation generally handle the otherwise impossible situations by appointment of lead counsel to represent all of the parties on particular issues. *See Vincent v. Hughes Air West Inc.,* 557 F.2d 759, 773–75 (9th Cir.1977) (the court reviews the history of the concept and states that the inherent power of a court to consolidate and appoint lead counsel "has never been seriously disputed."); *see also In re Aircraft Disaster at Florida Everglades on December 29, 1972,* 549 F.2d 1006 (5th Cir.1977).

26(c) Protective orders. Upon motion by a party or by the person from whom discovery is sought, and for good cause shown, the court in which the action is pending or alternatively, on matters relating to a deposition, the court in the county where the deposition is to be taken may make any order which justice requires to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense including one or more of the following: * * * (5) that discovery be conducted with no one present except persons designated by the court; * * *.

As the majority notes, the language of subsection (5) of our rule mirrors that of Fed. R.Civ.P. 26(c)(5) which was amended in 1970. The majority relies, however, on an interpretation of this passage with which I disagree. *See* 8 C. Wright & A. Miller, Federal Practice and Procedure, § 2041, at 295–96. I believe that since the federal amendment, the trial court has complete discretion over the persons permitted to participate in, or tacitly witness, the deposition. *See* 4 J. Moore, Moore's Federal Practice, paragraph 26.73 at 26–539 (2d ed. 1982).

The majority also appears to restrict the trial court's discretion by elevating the interest of a party or his agent in attending depositions to the level of a constitutional right: "the right of representation is basic to our system of justice and extends to every facet of the judicial process." I know of no authority for the proposition that there is a due process right to attend a

It is implicit in the discussion of all of the authorities that by utilizing these techniques the court does not deprive a party of representation by counsel at an evidentiary proceeding, but, rather, uses its power of consolidation by ordering that numerous parties sharing common interests will be represented by lead counsel for the issues on which there is commonality. In the case at bar, however, we are not dealing with a complex case nor one involving a large number of parties. Further, these defendants probably do not have common interests with respect to the liability issues. Therefore, we take no position at this time with regard to the inherent powers of the superior court to appoint lead counsel.

deposition. Depositions are but one element of a panoply of discovery devices. If the trial court had precluded the use of all discovery techniques by the defendants, then due process might have been implicated. The instant protective order, however, did not foreclose the use of any discovery device; it merely limited the presence of defense counsel at each deposition session.

I can think of but two aspects of the adversary process that defendants will suffer by proceeding in the manner ordered by the trial court: first, counsel for two defendants will be unable to observe the demeanor of the deponent at the session conducted by counsel for the third defendant, and second, counsel cannot create, by their collective presence and participation, a discomforting atmosphere for the deponent. As to the first aspect, the counsel for the non-participating defendants may have, seriatim, their opportunity to observe the deponent's demeanor when they ask their questions at their own sessions. As to the

second aspect, there is no due process right to bring collective psychological pressures to bear on a deponent. And this is not a proceeding where a sixth amendment right to counsel or confrontation of adverse witnesses is implicated.

I believe that the trial court acted within his discretion in shaping the order to protect the sensibilities of the young deponent. He may also have felt it necessary to fashion the order to enhance the reliability of the fact-finding process, by reducing the element of intimidation, for the benefit of all parties. The accuracy of fact determination is a basic premise of the discovery process.