891 F.2d 295
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Eric PEELER, Petitioner-Appellant,
v.
Robert GOLDSMITH, Arizona Attorney General, Respondents-Appellees.
 No. 89-15769.
 United States Court of Appeals, Ninth Circuit.
 Submitted Nov. 6, 1989.*
Decided Dec. 4, 1989.
 
 Before ALARCON, O'SCANNLAIN, and LEAVY, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Eric Peeler, the appellant, was convicted in Arizona of sexual assault, attempted sexual assault, and second degree burglary. State v. Peeler, 614 P.2d 335, 337 (1980). The victim of the assault was a seventy-nine year old woman. Id. After considering Peeler's three prior felony convictions in the state of Washington, the trial judge directed Peeler to serve consecutive sentences amounting to 39.25 years of imprisonment. Peeler's convictions were affirmed on appeal, id., and Peeler petitioned for federal habeas corpus relief under 28 U.S.C. § 2254 (1982).
 
 
 3
 Peeler's first petition for habeas relief argued that his sentence was improper because (1) the sentencing judge improperly relied on his prior felony convictions to determine the length of his sentence; (2) the trial court's findings of aggravating factors lacked a factual basis; and (3) the sentence was cruel and unusual punishment under the eighth amendment. The district court rejected the petition and we affirmed. Peeler v. MacDougall, Memorandum Disposition No. 82-5148 (November 8, 1982).
 
 
 4
 Peeler's second habeas petition again challenged the length of his sentence, but also attacked the decision to impose consecutive sentences. The district court dismissed the portions of the petition dealing with the length of the sentence because they had been the subject matter of the first petition. The court then dismissed the challenge to the imposition of the consecutive sentences. The court reasoned that the sentencing judge did not deprive Peeler of any right under federal law, and was based on a proper determination that Peeler had committed separable offenses for which he could be sentenced consecutively. Peeler appeals. We affirm.
 
 DISCUSSION
 I. Length of the Sentence
 
 5
 Rule 9 applicable to section 2254 habeas petitions permits a judge to dismiss a petition if the petition (1) alleges the same grounds as alleged in a prior petition, where the petition was decided on the merits; or (2) alleges new grounds but the judge finds that failure to assert those grounds in a prior petition constituted an abuse of the writ. Rule 9(b) foll. 28 U.S.C. § 2254. See Sanders v. United States, 373 U.S. 1, 15 (1963). We review a district court's decision to dismiss a habeas petition on the basis of Rule 9(b) for abuse of discretion. Neuschafter v. Whitley, 860 F.2d 1470, 1474 (9th Cir.1988), cert. denied, 110 S.Ct. 264 (1989).
 
 
 6
 Peeler argues that his present petition alleges new grounds not alleged in the prior petition. We agree. Peeler's prior petition challenged the length of his sentence based on the trial court's consideration of Peeler's prior felony convictions. The present petition challenges the sentence based on his allegation that the trial court clearly erred when it concluded that he committed the underlying offense in a cruel fashion.
 
 
 7
 Nevertheless, we conclude that in this petition Peeler cannot challenge his sentence based on the new ground that the finding of cruelty was unsupported. Peeler raised the same challenge before the state court in a motion for post-conviction relief. The state court held that the challenge was barred by procedural default. Under these circumstances, Peeler cannot litigate the challenge here unless he can show cause for and actual prejudice from the default. Deutscher v. Whitley, 884 F.2d 1152, 1156 (9th Cir.1989).
 
 
 8
 Peeler cannot show cause or prejudice. Peeler argues that he shows cause in that he suffered ineffective assistance of counsel when counsel failed to challenge the finding of cruelty. We do not agree that counsel's failure to raise this argument was an indication of defective professional performance. The victim of the assault was a seventy-nine year old woman. Counsel therefore may have well concluded that it was futile to challenge the finding of cruelty. Even if we assumed counsel were ineffective, Peeler cannot show " 'that the deficient performance prejudiced the defense.' " Deutscher, 884 F.2d at 1156 (quoting Strickland v. Washington, 466 U.S. 668, 694 (1984)). The finding of cruelty was amply supported by the evidence.
 
 
 9
 II. Consecutive Sentences as Violation of State Law
 
 
 10
 Before the district court, Peeler challenged the imposition of his consecutive sentences as a violation of state law. He appears to have abandoned that claim on appeal. See Appellant's Brief at 14-15. We therefore do not reach the issue.
 
 III. Consecutive Sentences as Double Jeopardy
 
 11
 Peeler contends his consecutive sentences were illegal because he was sentenced for committing separate and distinct crimes, whereas he only committed one offense. Thus, Peeler believes the consecutive sentences violate the double jeopardy clause of the fifth amendment.
 
 
 12
 Peeler's argument is without merit. Peeler's conviction for sexual assault stems from the jury's conclusion that Peeler forced his victim to engage in oral sexual contact. State v. Peeler, 614 P.2d at 337. The conviction for attempted sexual assault stems from the jury's conclusion that Peeler tried to rape his victim. Id. Finally, the burglary conviction relates to Peeler's breaking into the victim's apartment. Id. All the crimes are distinct crimes and the sentencing judge properly imposed different sentences for each.
 
 
 13
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for submission on the record and briefs and without oral argument. Fed.R.App.P. 34(a) and Ninth Circuit Rule 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3