NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

STATE OF ARIZONA, *Appellee*,

*v.*

RALPH F. ESPOSITO, *Appellant*.

No. 1 CA-CR 15-0122
FILED 11-19-2015

Appeal from the Superior Court in Maricopa County
No.  CR 2014-001312-001
The Honorable Karen L. O'Connor, Judge

**AFFIRMED**

COUNSEL

Arizona Attorney General's Office, Phoenix
By Joseph T. Maziarz
*Counsel for Appellee*

Maricopa County Public Defender's Office, Phoenix
By Terry J. Adams
*Counsel for Appellant*

Ralph F. Esposito, Safford
*Appellant*

---

## MEMORANDUM DECISION

Judge Samuel A. Thumma delivered the decision of the Court, in which
Presiding Judge Lawrence F. Winthrop and Judge Donn Kessler joined.

---

**T H U M M A**, Judge:

**¶1**          This is an appeal under *Anders v. California*, 386 U.S. 738 (1967)
and *State v. Leon*, 104 Ariz. 297 (1969). Counsel for defendant Ralph F.
Esposito has advised the court that, after searching the entire record,
counsel has found no arguable question of law and asks this court to
conduct an *Anders* review of the record. Esposito was given the opportunity
to file a supplemental brief pro se, and has done so, including a first and
second addendum. This court has reviewed the record and has found no
reversible error. Accordingly, Esposito's convictions and resulting
sentences are affirmed.

### FACTS[1] AND PROCEDURAL HISTORY

**¶2**          One morning in September 2013, C.F.[2] left her 18-month old
daughter, F.F., and mother-in-law, C.S., in her car while she went into a
grocery store. While she was in the store, Esposito got into the driver's seat
and drove away with both F.F. and C.S. still inside. He never said a word,
despite C.S. hitting him and trying to get him to let them go. After about
ten minutes, police stopped Esposito, surrounded the car with guns drawn,
pulled Esposito from the car, arrested him and liberated F.F. and C.S.

**¶3**          The State charged Esposito with theft of means of
transportation, a Class 3 felony, kidnapping, a Class 2 felony, and
kidnapping, a Class 2 felony and a dangerous crime against children. The
superior court ordered a competency evaluation and, after both doctors

---

[1] On appeal, this court views the evidence in the light most favorable to
sustaining the conviction and resolves all reasonable inferences against the
defendant. *State v. Karr*, 221 Ariz. 319, 320 ¶ 2 (App. 2008).

[2] Initials are used to protect the victims' privacy. *State v. Maldonado*, 206
Ariz. 339, 341 n.1 ¶ 2 (App. 2003).

opined to his competency, the court found him competent.[3] On March 13, 2014, one week before the scheduled trial and two weeks before the last day, the State indicted Esposito with the same charges and dismissed the original case. The court set trial in the new case for June 2014. Before trial, Esposito asked to represent himself. After an appropriate colloquy with Esposito, the court found his waiver of counsel was knowing, intelligent and voluntary and directed that Esposito could represent himself.

¶4        At trial, Esposito gave a four-sentence opening statement. He did not conduct cross-examination of any of the State's 10 witnesses (C.F., her husband, C.S. and seven police officers). Esposito elected not to testify after the court explained the ramifications of the decision, did not request any jury instructions besides a lesser-included offense to theft of means of transportation, did not make a motion for judgment of acquittal, chose not to give a closing argument after the court explained the ramifications and chose not to present argument at the aggravation phase.

¶5        During closing argument, the State remarked:

> This has been a rather unusual case, as you may have figured out, ladies and gentlemen, in that the defendant didn't testify, didn't present any witnesses, and as the Judge told you from the outset, the defendant doesn't need to do that. . . . So there is nothing improper about the way the trial has proceeded, although it is a little bit unusual. . . . At the same time, while it can't be held against the defendant that he chose not to testify or not to present any witnesses on his behalf, the Judge also told you in the final instructions that you have, that were read to you this morning, that you are not to be influenced by sympathy or prejudice.

¶6        Immediately after the State's closing, at a sidebar, the superior court indicated these statements warranted a mistrial. After the court told Esposito that her inclination was to "declare a mistrial and start the trial over again," Esposito responded, "I really didn't have no concerns. I mean,

---

[3] Documents from Esposito's original case number, CR 2013-036093, are not a part of the record on appeal. However, this court finds them helpful and therefore takes judicial notice of the pretrial minute entries. *See State v. Valenzuela*, 109 Ariz. 109, 110 (1973).

I am not asking for a mistrial at all." Even after his advisory counsel advised him to ask for the mistrial, Esposito refused, saying, "I have my reasons, but basically I'm fine with everything. That's all I have to say." Given this, no mistrial was declared.

¶7        After the close of evidence, final instructions and argument, the jury deliberated and found Esposito guilty as charged. The jury also found the kidnapping was a dangerous crime against children and that F.F. was less than 12 years old and Esposito was at least 18 years old at the time of the offense.

¶8        At sentencing, Esposito admitted to a prior felony conviction and addressed the court, maintaining his innocence and asking for concurrent minimum terms. After considering the presentence report, the competency evaluations and both aggravating and mitigating factors, the court sentenced Esposito to mitigated prison terms for all three counts, each found to be non-dangerous and non-repetitive. Counts one and two are concurrent to one another, with presentence incarceration credit of 337 days,[4] with the sentence on count three to be served consecutively to counts one and two.

¶9        Esposito timely appealed from his convictions and resulting sentences. This court has jurisdiction pursuant to Arizona Revised Statues (A.R.S.) sections 12-120.21(A)(1), 13-4031, and -4033 (2015).[5]

## DISCUSSION

¶10        This court has reviewed and considered counsel's brief and appellant's pro se supplemental brief and addenda, and has searched the entire record for reversible error. *See State v. Clark*, 196 Ariz. 530, 537 ¶ 30 (App. 1999). Searching the record and briefs reveals no reversible error.

¶11        The State originally brought Esposito's case in 2013, but then brought the same charges to a grand jury in 2014 and indicted him. Then the State dismissed the 2013 case without prejudice, over Esposito's objection, and proceeded under the timeline of the 2014 indictment. Because Esposito's proper remedy for a potential violation of the speedy

---

[4] Although the record suggests that the proper presentence incarceration credit may have been less than 337 days, there is no challenge on appeal that the credit he was given was excessive.

[5] Absent material revisions after the relevant dates, statutes and rules cited refer to the current version unless otherwise indicated.

trial rule was a special action or motion to reconsider in the 2013 case, *see Earl v. Garcia*, 234 Ariz. 577, 579 ¶ 9 (App. 2014) (citing cases), this court lacks jurisdiction to address any such issue in this appeal.

**¶12** The record shows Esposito was either represented by counsel at all stages of the proceedings or that he knowingly, intelligently and voluntarily waived his right to counsel and elected to represent himself. The evidence admitted at trial constitutes substantial evidence supporting Esposito's convictions. From the record, all proceedings were conducted in compliance with the Arizona Rules of Criminal Procedure. The sentences imposed were within the statutory limits and permissible ranges.

**¶13** Esposito raises several arguments in his pro se supplemental brief and addenda, which this court addresses as follows.

## I. Esposito Has Not Shown Fundamental Error Resulting In Prejudice By The Superior Court Not Granting A Mistrial.

**¶14** Esposito challenges the State's closing argument. He argues that he refused to ask for a mistrial, even at the superior court's prompting and against his advisory counsel's advice, because he was under duress from potential threats made by fellow inmates that assaulted him in the jail before trial.

**¶15** "The prosecutor who comments on defendant's failure to testify violates both constitutional and statutory law." *State v. Hughes*, 193 Ariz. 72, 86 ¶ 63 (1998). The superior court suggested a mistrial based on the State's comments in closing about Esposito's failure to testify and offer any evidence. Because Esposito did not make a timely objection, this court reviews for fundamental error. *See id.* at 86 ¶ 62; *see also* Ariz. R. Crim. P. 21.3(c).[6] "Accordingly, [Esposito] bears the burden to establish that (1) error exists, (2) the error is fundamental, and (3) the error caused him prejudice." *State v. James*, 231 Ariz. 490, 493 ¶ 11 (App. 2013) (citations omitted).

**¶16** Assuming the State's comments supported an unfavorable inference against Esposito and therefore resulted in fundamental error, *see State v. Ramos*, 235 Ariz. 230, 235 ¶ 13 (App. 2014); *see also* A.R.S. §13-117(B), Esposito has not shown resulting prejudice. The State offered sufficient evidence for each element of each charge, and Esposito did not offer any

---

[6] Although given Esposito's statements at sidebar, the doctrine of invited error could preclude his argument on appeal, *see State v. Logan*, 200 Ariz. 564, 566 ¶ 11 (2001), on this record, the court analyzes the issue for fundamental error resulting in prejudice.

alternative explanation, theory or defense, cross-examine any witness or make a closing argument. The court also gave him the opportunity to seek a mistrial, telling him, "I am going to leave it to you and respect your decision as to whether or not you want to mistry this case. If you do request a mistrial, I will grant it." Esposito refused multiple times. On this record, Esposito has not shown that the State's comments constituted fundamental error resulting in prejudice.

## II.     The Record Does Not Support Esposito's Radiation Poisoning Assertion.

**¶17**        Esposito makes several arguments stemming from what he considers to be electro-magnetic radiation poisoning of his brain. A thorough examination of the record, however, reveals no evidence of radiation poisoning. Therefore, he cannot support his claimed violations of the Fourth, Fifth or Eighth Amendments to the United States Constitution.

**¶18**        Relatedly, Esposito argues that his radiation condition went undiagnosed, so he was not competent to assist in his own defense. Again, however, the record reveals no evidence of radiation poisoning. Moreover, Esposito went through competency evaluation before trial and the court found he was competent and able to assist in his own defense, relying on the consistent opinions of two doctors. Additionally, when Esposito asked to represent himself, the court conducted a proper colloquy and determined Esposito's waiver of counsel was knowing, intelligent and voluntary, findings supported by the record. *See State v. Evans*, 125 Ariz. 401, 403-04 (1980) (holding defendant properly waived counsel, even after being diagnosed "as a paranoid schizophrenic" during competency proceedings). The superior court, therefore, did not err.

## III.    Esposito Has Not Shown His Sentence Was Illegal.

**¶19**        Esposito argues the 10-year mitigated sentence for kidnapping, a Class 3 felony, and dangerous crime against children was excessive and therefore illegal. The superior court correctly used A.R.S. § 13-705(D) to guide sentencing based on his conviction.

**¶20**        The Eighth Amendment to the United States Constitution "'does not require strict proportionality between crime and sentence' but instead forbids only extreme sentences that are 'grossly disproportionate to the crime.'" *State v. Berger*, 212 Ariz. 473, 476 ¶ 13 (2006) (quoting *Ewing v. California*, 538 U.S. 11, 23-24 (2003)). To determine whether a sentence is so lengthy that it is considered cruel and unusual under the Eighth Amendment, this court "first determines if there is a threshold showing of

gross disproportionality by comparing the gravity of the offense and the harshness of the penalty." *Id.* at 476 ¶ 12 (citation omitted). "A prison sentence is not grossly disproportionate, and a court need not proceed beyond the threshold inquiry, if it arguably furthers the State's penological goals and thus reflects a rational legislative judgment, entitled to deference." *Id.* at 477 ¶ 17 (citation omitted).

**¶21** The "dangerous crime against children" sentencing enhancement currently codified in A.R.S. § 13-705 "reflects a rational legislative judgment, entitled to deference." *See id.* at 477-78 ¶¶ 17, 22-23; *see also State v. Williams*, 175 Ariz. 98, 102-03 (1993) (noting Legislature "was attempting to respond effectively to those predators who pose a direct and continuing threat to the children of Arizona. The lengthy periods of incarceration are intended to punish and deter those persons, and simultaneously keep them off the streets and away from children for a long time."). Esposito's mitigated 10-year sentence was not excessive under the Eighth Amendment. Indeed, that sentence was the shortest possible sentence the court had the power to impose.

**¶22** Esposito argues that at the sentencing hearing, the superior court orally sentenced him to three concurrent sentences, rather than only counts one and two being concurrent to each other, as stated in the resulting minute entry. Esposito is correct that, when the oral pronouncement of the sentence is inconsistent with the minute entry, the oral pronouncement controls. *See State v. Ovante*, 231 Ariz. 180, 188 ¶ 38 (2013). As applied, however, the oral pronouncement of Esposito's sentence, based on the transcript of the hearing, is consistent with the minute entry, meaning the discrepancy Esposito claims does not exist.

## IV. Witness Competency.

**¶23** Relying on A.R.S. § 12-2202, Esposito argues the superior court should not have allowed C.S. to testify because she has Alzheimer's disease, and therefore was of unsound mind at the time she was called to testify. Because A.R.S. § 12-2202 only applies to civil actions, it is inapplicable here. A witness is only incompetent to testify "if he or she is unable to understand the nature of an oath, or perceive the event in question and relate it to the court." *State v. Peeler*, 126 Ariz. 254, 256 (App. 1980); *see also* A.R.S. § 13-4061; Ariz. R. Evid. 601. "The credibility of witnesses is a matter for the jury." *State v. Canez*, 202 Ariz. 133, 149 ¶ 39 (2002). Therefore, any contradictions or inconsistent testimony go to the credibility, not competency, of a witness. *Peeler*, 126 Ariz. at 256.

¶24 Esposito claims C.S. was incompetent to testify solely because she has Alzheimer's disease. Not so. The record shows C.S. was able to understand the oath, was able to understand and respond to questions asked of her, and asked for clarification when she needed it. C.F. testified that C.S. had Alzheimer's at the time of trial and at the time of the offense. Her disease, then, went to her credibility as a witness, rather than her competency to testify, and was a matter for the jury to consider. *See Canez*, 202 Ariz. at 149 ¶ 39; *Peeler*, 126 Ariz. at 256.

## V. Ineffective Assistance Of Counsel.

¶25 Esposito argues that both his trial and current appellate counsel were ineffective. Although noting Esposito represented himself at trial, this court does not consider ineffective assistance of counsel claims on direct appeal; it is an issue only for a Rule 32 post-conviction proceeding. *State ex rel. Thomas v. Rayes*, 214 Ariz. 411, 415 ¶ 20 (2007). Therefore, this court will not consider Esposito's ineffective assistance of counsel arguments.

## CONCLUSION

¶26 This court has read and considered counsel's brief and Esposito's pro se supplemental brief and addenda, and has searched the record provided for reversible error and has found none. *State v. Leon*, 104 Ariz. 297, 300 (1969); *State v. Clark*, 196 Ariz. 530, 537 ¶ 30 (App. 1999). Accordingly, Esposito's convictions and resulting sentences are affirmed.

¶27 Upon filing of this decision, defense counsel is directed to inform Esposito of the status of his appeal and of his future options. Defense counsel has no further obligations unless, upon review, counsel identifies an issue appropriate for submission to the Arizona Supreme Court by petition for review. *See State v. Shattuck*, 140 Ariz. 582, 584–85 (1984). Esposito shall have 30 days from the date of this decision to proceed, if he desires, with a pro se motion for reconsideration or petition for review.



Ruth A. Willingham · Clerk of the Court
F I L E D : ama