NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

STATE OF ARIZONA, *Appellee,*

*v.*

JACQUES RAYCE FARR, *Appellant.*

No. 1 CA-CR 15-0421
FILED 4-12-2016

Appeal from the Superior Court in Maricopa County
No. CR 2013-423168-001
The Honorable Brian D. Kaiser, Judge *Pro Tempore*

**AFFIRMED**

COUNSEL

Arizona Attorney General's Office, Phoenix
By Joseph T. Maziarz
*Counsel for Appellee*

Janelle A. McEachern, Chandler
*Counsel for Appellant*

Jacques Rayce Farr, Winslow
*Appellant*

---

**MEMORANDUM DECISION**

Judge Samuel A. Thumma delivered the decision of the Court, in which Presiding Judge Kent E. Cattani and Judge Randall M. Howe joined.

---

**T H U M M A**, Judge:

¶1        This is an appeal under *Anders v. California*, 386 U.S. 738 (1967) and *State v. Leon*, 104 Ariz. 297 (1969). Counsel for defendant Jacques Rayce Farr has advised the court that, after searching the entire record, counsel has found no arguable question of law and asks this court to conduct an *Anders* review of the record. Farr was given the opportunity to file a supplemental brief pro se, and has done so. This court has reviewed the record and has found no reversible error. Accordingly, Farr's convictions and resulting sentences are affirmed.

### FACTS[1] AND PROCEDURAL HISTORY

¶2        During the fall of 2009, Farr agreed to help D.W.[2] move out of a house where D.W. was staying. Before doing so, Farr took D.W. (who was on parole) to a parole office where D.W. was taken into custody. D.W. surrendered his keys and wallet to the parole officer, asking the parole officer to tell Farr to take them to Frank Meadows, who owned the house where D.W. had been staying. When Farr went to Meadows' house with a friend, he took all of D.W.'s belongings.

¶3        In the first part of 2010, Farr sold D.W.'s 1991 Chevy pickup truck to R.S.R. for $1,000. The title had D.W.'s signature notarized on the seller section, but that signature did not match D.W.'s actual signature.

¶4        In May 2013, the State charged Farr in a direct complaint with count one, theft of means of transportation, a Class 3 felony; count two, trafficking in stolen property in the second degree, a Class 3 felony, and

---

[1] This court views the facts "in the light most favorable to sustaining the verdict, and resolve[s] all reasonable inferences against the defendant." *State v. Rienhardt*, 190 Ariz. 579, 588-89 (1997).

[2] Initials are used to protect the privacy of victims. *State v. Maldonado*, 206 Ariz. 339, 341 n.1 ¶ 2 (App. 2003).

count three, theft, a Class 6 felony. After failed plea negotiations, the State charged Farr by indictment with the same three offenses. Before trial, while represented by counsel, Farr filed several pro se motions. Other than granting a pro se motion to change counsel, the superior court summarily denied all of Farr's pro se motions.

**¶5**          During a five-day trial in April and May 2014, the State presented six witnesses: D.W.; R.S.R.; the person who helped Farr move D.W.'s possessions out of Meadows' house; Meadows and two detectives. The day after R.S.R. testified, the State moved to amend the indictment to conform to the evidence presented concerning the date range for the sale of the truck to R.S.R. *See* Ariz. R. Crim. P. 13.5(b) (2016).[3] Over Farr's objection, the superior court allowed the amendment as it was consistent with the trial evidence and encompassed the general time frame of the indictment.

**¶6**          After the State rested, Farr presented two witnesses: the notary who witnessed the signature on the title and a friend who saw the transaction; Farr also elected to testify on his own behalf. Farr testified that, after he helped D.W. with a problem, D.W. sold Farr the truck for $500. Farr testified that D.W. signed the title, and his signature was notarized, before D.W. was taken into custody, leaving the buyer line of the title blank.

**¶7**          After final instructions and closing argument, the jury deliberated and found Farr guilty as charged and found, for the theft verdict, that Farr controlled property valued at $1,000 or more. At sentencing, after a proper colloquy, Farr admitted a prior felony conviction from 1989. After considering the presentence report and hearing from counsel as well as Farr, his father, wife and son, the superior court sentenced Farr to presumptive concurrent sentences of 3.5 years in prison for counts one and two and 1 year in prison for count three.

**¶8**          Although a timely notice of appeal filed by Farr's counsel apparently was misplaced, this court deemed Farr's appeal timely. This court has jurisdiction over Farr's appeal pursuant to Arizona Revised Statutes (A.R.S.) sections 12–120.21(A)(1), 13-4031, and -4033.

---

[3] Absent material revisions after the relevant dates, statutes and rules cited refer to the current version unless otherwise indicated.

**DISCUSSION**

**¶9** This court has reviewed and considered counsel's brief and Farr's pro se supplemental brief and has searched the entire record for reversible error. *See State v. Clark*, 196 Ariz. 530, 537 ¶ 30 (App. 1999). Searching the record and briefs reveals no reversible error. The record shows Farr was represented by counsel at all relevant stages of the proceedings. The evidence admitted at trial constitutes substantial evidence supporting Farr's convictions. From the record, all proceedings were conducted in compliance with the Arizona Rules of Criminal Procedure. The sentences imposed were within statutory limits and permissible ranges. Farr raises several arguments in his pro se supplemental brief, which this court addresses in turn.

**I.     Pre-Trial Pro Se Motions.**

**¶10** Farr claims the superior court erred by denying Farr's pre-trial pro se motions that he filed while represented by counsel. Pre-trial, Farr filed the following pro se motions: a motion to extend time to file a motion requesting a remand back to the grand jury; a request to have a certified court reporter present at all hearings; a motion requesting a court appointed investigator; a motion to dismiss with prejudice; a motion for remand to the grand jury; a motion to vacate the State's subpoena of Farr's wife; a motion for change of counsel, with a supplement; a request to correct the record and minute entry and a motion to dismiss for failure to prosecute within 180 days. The court granted the motion for change of counsel, but summarily denied the others because Farr was represented by counsel at all times.

**¶11** Farr argues that once the court granted his motion for change of counsel, it was required to address all other pro se motions on the merits. Not so. Farr has cited no authority supporting such an argument. Moreover, the Arizona Supreme Court directs that the superior court need not consider the "pro se motion of a defendant represented by counsel." *State v. Bible*, 175 Ariz. 549, 591 (1993).

**II.     Grand Jury Proceedings.**

**¶12** Farr seeks to challenge the grand jury proceedings, arguing the State did not present exculpatory evidence to the grand jury and that one of the grand jurors knows Farr. Challenges to grand jury findings "must be made by motion followed by special action before trial; they are not reviewable on appeal." *State v. Moody*, 208 Ariz. 424, 439-40 ¶ 31 (2004). Accordingly, Farr's arguments concerning the grand jury proceedings fail.

## III.    Speedy Trial.

**¶13**        Farr argues his right to a speedy trial was violated and the case should have been dismissed. Farr claims trial should have started no later than 120 days after his initial appearance or 90 days after his arraignment. *See* Ariz. R. Crim. P. 8.2(c). Farr, however, was not in custody pretrial, meaning trial was to start no more than 180 days from arraignment. *See* Ariz. R. Crim. P. 8.2(a)(2). Farr has shown no violation of this 180-day limitation, let alone how such a violation prejudiced him at trial. *See State v. Vasko*, 193 Ariz. 142, 143 ¶ 2 (App. 1998) ("[I]n the absence of a showing of prejudice, a speedy trial violation raised as error on appeal after conviction does not warrant reversal of that conviction.").

**¶14**        Farr also claims a violation of his speedy trial rights under the Sixth Amendment of the United States Constitution, as incorporated through the Fourteenth Amendment. Under the Sixth Amendment, "[t]here is no bright line rule for how quickly a trial must occur. In evaluating such claims, courts weigh (1) the length of the delay, (2) the reason for the delay, (3) the defendant's assertion of the right to a speedy trial, and (4) the prejudice to the defendant." *State v. Parker*, 231 Ariz. 391, 398 ¶ 9 (2013) (citing *Barker v. Wingo*, 407 U.S. 514, 530 (1972)). Farr's trial began on April 30, 2014, 342 days after the State filed the direct complaint. An early January 2014 trial date was continued when the court granted Farr's pro se motion for change of counsel two days before trial. Another time, trial was continued because of the State's trial conflict. Farr did not make any speedy trial objection until April 28, 2014, two days before trial began, and that objection only cited Rule 8; he did not cite the United States Constitution. On this record, Farr has shown no violation of his Sixth Amendment speedy trial rights.

## IV.    Amendment Of The Indictment During Trial.

**¶15**        Farr claims the superior court erred by allowing the State to amend the indictment during trial over Farr's objection and the amendment showed prosecutorial misconduct. After some of the State's witnesses testified, the State was allowed to allege a two-week date range for the date of offense for all three counts that still included the original date on the indictment. Because the specific date does not go to the nature of the offense and did not prejudice Farr, allowing the State to amend the indictment was not error. *See* Ariz. R. Crim. P. 13.5(b); *see State v. Bruce*, 125 Ariz. 421, 423 (1980) (rejecting similar claim, noting a "defect may be considered formal or technical when its amendment does not operate to change the nature of the offense charged or to prejudice the defendant in any way").

## V.     Pre-Indictment Delay.

¶16         Farr claims he was denied due process because he was not charged until four years after the offenses and two years after the completion of the police investigation. "To establish that pre-indictment delay has denied a defendant due process, there must be a showing that the prosecution intentionally delayed proceedings to gain a tactical advantage over the defendant or to harass him, and that the defendant has actually been prejudiced by the delay." *State v. Broughton*, 156 Ariz. 394, 397 (1988). Farr claims he was prejudiced by the delay but did not argue or present any support showing that the delay was intentional. Trial testimony shows the contrary.

¶17         Two detectives testified at trial that the investigation began in March or April 2011. After the case was transferred to a new detective, the investigation continued at least through December 2012, when the detective interviewed Farr. The State filed a direct complaint six months later, not the two years Farr claims, and followed with an indictment. On this record, no evidence or implication would support a finding of intentional delay to obtain a tactical advantage. *See Broughton*, 156 Ariz. at 397. Accordingly, Farr has shown no due process denial by pre-indictment delay.

## VI.     Witness Competency.

¶18         Farr argues D.W. should not have been able to testify, claiming D.W. has multiple convictions involving false reporting and serious mental defects. A witness is incompetent to testify "if he or she is unable to understand the nature of an oath, or perceive the event in question and relate it to the court." *State v. Peeler*, 126 Ariz. 254, 256 (App. 1980); *see also* A.R.S. § 13-4061; Ariz. R. Evid. 601. "The credibility of witnesses is a matter for the jury." *State v. Canez*, 202 Ariz. 133, 149 ¶ 39 (2002). Farr has not shown D.W. was not competent to testify. Moreover, any contradictions or inconsistencies go to credibility, not competency. *Peeler*, 126 Ariz. at 256. Farr's attorney had the opportunity to cross-examine D.W. on his felony record and his mental illness diagnosis. Accordingly, the bases for Farr's claim that D.W. was not competent to testify go to credibility, which is for the jury to consider. *See Canez*, 202 Ariz. at 149 ¶ 39; *Peeler*, 126 Ariz. at 256.

## VII.     Notary Public Jury Instruction.

¶19         During final jury instructions, after explaining the difference between two types of documents that can be notarized, the court instructed the jury: "As to this second class of documents, State law does not prohibit

the notary from notarizing an incomplete document, *although the Secretary of State's office recommends against it*." (Emphasis added.) Farr argues the court erred by giving the italicized language, stating it was incorrect and prejudicial. Farr, however, did not object at trial, meaning this court reviews for fundamental error. *See State v. James*, 231 Ariz. 490, 493 ¶ 11 (App. 2013). His claim of error fails because the trial evidence supports the proposition that the Arizona Secretary of State does recommend against notarizing an incomplete document. Although this italicized language may have been be surplusage and is arguably a statement of fact, not law, even if it was error to give this part of the instruction, Farr has not shown how it could have prejudiced him. Accordingly, Farr has not shown fundamental error resulting in prejudice. *See James*, 231 Ariz. at 493 ¶ 11.

## VIII.  Release Pending Appeal.

**¶20**        Farr argues the superior court abused its discretion by denying his request for release pending appeal after the jury verdict. Farr claims he has the right to be released pursuant to Rule 7.2(c)(1), which requires that a defendant be taken into custody after a verdict that "will in all reasonable probability" result in a prison term, adding that the defendant "shall not be released . . . unless it is established that there are reasonable grounds to believe the conviction may be set aside." Ariz. R. Crim. P. 7.2(c)(1). Given the verdicts and Farr's criminal history, the superior court could only sentence him to prison. Farr also did not provide specific reasonable legal grounds to believe his conviction would be reversed; instead, he only stated that his case on appeal has "so many possibilities, points of appeal and . . . motions rule[d] against." Therefore, the superior court did not err in refusing to release him pending appeal. *See* Ariz. R. Crim. P. 7.2(c)(1).

## IX.    Farr's Prior Conviction.

**¶21**        Farr appears to argue that the superior court erred by allowing Farr to be cross-examined with his prior conviction from 1989.[4] Before trial, the State timely gave notice of its intention to use Farr's prior conviction for impeachment, if he elected to testify. *See* Ariz. R. Evid. 609. Over Farr's objection, the court found that the prior conviction for theft constitutes a dishonest act, and the probative value outweighs any prejudicial effect. At Farr's request, however, the court only allowed

---

[4] Farr argued this was double jeopardy, but the context of the argument suggests otherwise. Further, this court cannot find error in any other use of Farr's prior felony conviction.

sanitized information about the prior felony conviction to be used. It is not error to find that theft constitutes a "dishonest act," and the court did not err by allowing the fact of a prior felony conviction to be presented to the jury for impeachment when Farr elected to testify. *See State v. Spreitz*, 190 Ariz. 129, 146 (1997) ("Absent a clear abuse of discretion this court will not second-guess a trial court's ruling on the admissibility or relevance of evidence.").

## X. Farr's Post-Conviction Relief Appeal.

**¶22** Farr argues the special action complaint he filed in superior court in October 2014 should have been treated as a writ of habeas corpus. Farr filed the special action within days of filing a notice for post-conviction review. The superior court considered both together as a request for post-conviction relief, which it dismissed as untimely. This court previously dismissed the post-conviction relief appeal without prejudice to Farr's rights to seek post-conviction relief in the future and directed the clerk of this court to open a file for a direct appeal, which is the case resolved in this memorandum decision. Because Farr's arguments are being addressed on appeal and the other matter is dismissed, Farr has not shown how any arguments regarding his October 2014 special action are properly before this court.

## XI. Ineffective Assistance Of Counsel.

**¶23** Farr argues that his trial counsel was ineffective. Ineffective assistance of counsel claims are not properly addressed on direct appeal but, rather, in a Rule 32 post-conviction proceeding, which can be pursued within 30 days of the issuance of this decision. *State ex rel. Thomas v. Rayes*, 214 Ariz. 411, 415 ¶ 20 (2007); Ariz. R. Crim. P. 32.4(a). Accordingly, this court will not consider Farr's ineffective assistance of counsel arguments as a part of this appeal.

## XII. Insufficiency Of Evidence And Actual Innocence.

**¶24** Farr summarily argues he

> has and can again show actual innocence by and through the court[']s own records, not to mention exculpatory evidence that was available but never entered into the record by ineffective counsel i.e. Craigslist ad showing truck for sale in Oct. 2009, satellite [sic] imagery

> showing the 1991 Chevy [pickup] at [R.S.R.'s]
> home.

To the extent this argument turns on a claim of ineffective assistance of counsel, as noted above, this court will not consider that claim in this appeal. To the extent this argument asserts the evidence was not sufficient to support his convictions, or that Farr "has . . . shown actual innocence," the record does not support that claim. *See* Ariz. R. Crim. P. 20.[5]

**CONCLUSION**

**¶25**       This court has read and considered counsel's brief and Farr's pro se supplemental brief and has searched the record provided for reversible error and has found none. *Leon*, 104 Ariz. at 300; *Clark*, 196 Ariz. at 537 ¶ 30. Accordingly, Farr's convictions and resulting sentences are affirmed.

**¶26**       Upon filing of this decision, defense counsel is directed to inform Farr of the status of his appeal and of his future options. Defense counsel has no further obligations unless, upon review, counsel identifies an issue appropriate for submission to the Arizona Supreme Court by petition for review. *See State v. Shattuck*, 140 Ariz. 582, 584–85 (1984). Farr shall have 30 days from the date of this decision to proceed, if he desires, with a pro se motion for reconsideration or petition for review.



Ruth A. Willingham · Clerk of the Court
F I L E D : ama

---

[5] Farr also lists other legal concepts or conclusions, without supporting authority, including "prosecutorial misconduct, judicial abuse of discretion, deffective [sic] warrant, procedural misconduct." The court's independent review does not support such claims. Farr's supplemental brief also asks that this court expedite his appeal. Farr, however, did not separately seek an expedited appeal and, given this memorandum decision, any suggestion that his appeal be further expedited is moot.